■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLINO MELENDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 28, 1978, convicting him of criminal sale of a controlled substance in the second degree (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new audibility hearing and trial are ordered. Reversal is warranted in the instant case for the reasons set forth in *People v Colon* (87 AD2d 826). We have considered appellant's other contentions and find that, under the circumstances, they have no merit. Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VASQUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 20, 1978, convicting him of robbery in the second degree, (two counts) and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant Vasquez was jointly tried with codefendant Carreras. Upon the latter's appeal from his judgment of conviction, this court reversed the judgment, as a matter of discretion in the interest of justice, and ordered a new trial on the ground that "[t]he trial court's charge as to the alibi defense was improper as it served to place the burden upon the defendant to prove the truth of his alibi" (*People v Carreras,* 83 AD2d 590; see, also, *People v Lee,* 80 AD2d 905; *People v Jones,* 74 AD2d 515; *People v Griswold,* 72 AD2d 778). The charge was the often criticized one, which reads as follows: "Evidence with relation to an alibi should be carefully scrutinized by you. If the defendants' guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit them. The defendants are not required to prove an alibi beyond a reasonable doubt. But you are and must be satisfied — you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendants' whereabouts at a particular time when the crimes were committed, if the jury believes that evidence, that alibi itself entitles the defendant [*sic*] to a verdict of not guilty. It is, of course, for you, the jury, to determine whether or not the alibi should be believed." The People, with commendable candor, concede that a reversal and new trial are required by reason of the decision of this court in *Carreras (supra).* Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.