■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 10, 1979, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The alibi instruction given by the trial court is almost identical to that given in *People v Wallace* (87 AD2d 895) and is similarly improper (see, also, *People v Nicoleau,* 87 AD2d 893; *People v Costales,* 87 AD2d 635; *People v Vasquez,* 87 AD2d 830; *People v Bauer,* 83 AD2d 869). The proof though sufficient to satisfy the requirement that guilt be proven beyond a reasonable doubt, was not so overwhelming that we could find the error in the charge to be harmless (see *People v Crimmins,* 36 NY2d 230). Though the veracity of the alibi witnesses, including the defendant, appears to be questionable, when such testimony is laid side by side with the testimony establishing defendant's identity as a perpetrator of the crimes charged, we cannot say that a properly instructed jury would have reached the same result as that which was reached at the instant trial. Additionally, during his summation, the prosecutor accused the

defendant of bringing his father to court and demeaning him by asking him to tell a ridiculous story to the jury to establish his alibi. We think that such a remark went beyond the bounds of fair comment and, in conjunction with the improper alibi instruction, acted to unduly prejudice the defendant (see *People v Manson,* 63 AD2d 686). Gibbons, J. P., O'Connor, Weinstein and Brown, JJ., concur.