OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant was convicted of a crime (assault in the first degree), was imprisoned for some 4lA years as a consequence of his conviction, had his conviction set aside (People v Aus *849 serau, 77 AD2d 152),[1] was acquitted upon his retrial, and now seeks damages from the State of New York. (Court of Claims Act § 8-b.) He did not commit the crime for which he was convicted.
The Legislature has recently enacted the "Unjust Conviction and Imprisonment Act of 1984” (L 1984, ch 1009), ostensibly to permit the recovery of damages by those whose factual situations meet the stringent statutory requirements contained therein. The Governor of the State, the Honorable Mario M. Cuomo, in his memorandum of approval, dated December 21, 1984 (1984 McKinney’s Session Laws of NY, at 3669) and the Legislature in Court of Claims Act § 8-b (1), averred the purpose of the statute, the wrongs it was intended to redress, and the grounds and procedures upon which recovery would be had.
Procedurally, the court has before it the motion of defendant, State of New York, to dismiss this claim for failure to state a cause of action (CPLR 3211 [a] [7]). In response thereto, claimant has cross-moved this court, pursuant to CPLR 3025 (b) to treat counsel’s affirmation and claimant’s affidavit as supplements to the claim and to dismiss, pursuant to CPLR 3211 (b), the State’s defense that the claim herein should be dismissed prior to trial.
To the extent that claimant’s cross motion seeks to "amend his claim pursuant to CPLR 3025 (b)”, his pleading is fatally deficient as it does not contain a copy of the proposed amendment (22 NYCRR 1200.12 [b]). Claimant’s cross motion in this regard is thus denied.
Furthermore, claimant’s cross motion as it purports to dismiss, as meritless, the defense that claimant’s claim should be dismissed prior to trial pursuant to CPLR 3211 (b) is similarly misplaced. Without more, such a motion is generally available to dismiss a defense contained in the answer, while here we have nothing more than a motion to dismiss pursuant to CPLR 3211 (a) (7), filed in lieu of an answer. Thus, that aspect of the cross motion is at best premature and is denied.[2]
The ultimate question for the court to consider herein is *850 whether claimant’s confession, admitted at his first trial and suppressed at his second trial, provides grounds on the law and upon reading the claim to determine whether claimant by his own conduct did cause or bring about his conviction (Court of Claims Act § 8-b [4] [b]). The pleadings reveal that prior to claimant’s first trial he confessed to the crime; he was identified by the victim of the shooting; that he failed a lie detector test; that he testified at his trial and repudiated his confession, which was apparently admitted after a hearing; that he was convicted of assault in the first degree and sentenced to a term of imprisonment. The pleadings also allege that after an appeal to the Appellate Division, Fourth Judicial Department, a new trial was ordered. The conviction was vacated and thereafter claimant’s motion was made to suppress the confession on the grounds that it was obtained in the absence of a waiver by his attorney, and that the police knew or should have known of his representation by counsel on a prior arrest just two days earlier, particularly as that arrest was related to an incident with the same victim of the instant armed assault. The motion was successful and the confession and poisoned fruits thereof were suppressed at the second trial. (People v Rogers, 48 NY2d 167; People v Bartolomeo, 53 NY2d 225.)
The State contends and moves this court to dismiss the claim pursuant to Court of Claims Act § 8-b (4) (b) on the ground that the claimant did by his own conduct cause or bring about his conviction. The statute further provides that if the court finds after reading the claim that claimant is not likely to succeed at trial it shall dismiss the claim.
It is conceded by the claimant that the confession herein was not coerced. Claimant argues that he suffers from a possible organic brain dysfunction, that he is a "confessor”, and implies that the prosecutors took advantage of claimant’s mild retardation to obtain his confession.[3]
Thus, as noted above, I must decide whether the claimant by his own conduct did cause or bring about his conviction. Claimant’s counsel engages in a study of the semantic distinc *851 tions between the terms "act” and "conduct”,[4] which, while interesting, is not quite as enlightening as the 1984 Report of the Law Revision Commission (Report) in discussing the absence of misconduct on the part of the claimant (1984 McKinney’s Session Laws of NY, at 2899 et seq.). On page 2932 thereof, the first example of such misconduct is falsely giving an uncoerced confession of guilt. The Legislature in enacting Laws of 1984 (ch 1009) precluded a claimant’s recovery where his own conduct caused or brought about his conviction. The Legislature did not adopt the language utilized in the United States Court of Claims Procedure chapter (28 USC § 2513 [a] [2]; appendix A to Report, op. cit., at 2938) precluding recovery where a claimant did not "by misconduct or neglect cause or bring about his own prosecution”; or pursuant to California Penal Code § 4903 (appendix B to Report, op. cit., at 2939-2940) where the claimant must show that he did not "by any act or omission on his part, either intentionally or negligently, contribute to the bringing about of his arrest or conviction”; or District of Columbia Code § 1-942 (B) (now § 1-1222 [2] [appendix C to Report, op. cit., at 2941]) that such claimant did not "by his misconduct, cause or bring about his own prosecution.” Thus, the Legislature did not select terminology requiring misconduct or neglect on the part of a claimant as a preclusion to his recovery, but rather selected the term "conduct”, which to the court does not necessitate an intentional act by the claimant. Claimant’s alleged blamelessness in proffering a false, illegal, yet uncoerced confession does not make the confession and its consequence disintegrate upon further judicial review. I draw this conclusion from the language of the instant statute and my review of the cited statutes from other jurisdictions.
Of course there are few occurrences which are more tragic than the conviction and imprisonment of an individual for a crime he did not commit, and it has been noted this may be the most serious deprivation of individual liberty, save, of course, the death penalty. But I do believe that the Legislature, by requiring a claimant to establish in his pleadings and to prove his claim by clear and convincing evidence, did not intend to provide redress for every mistake made in the course of a criminal prosecution of an individual for a crime that he did not commit and for which he was imprisoned. While it is contended on the record before this court that *852 prosecutorial misconduct occurred, it cannot be said that claimant’s confession did not cause or bring about his conviction. In this regard the court notes that at his first trial claimant’s confession, which was concededly uncoerced, was admitted, that claimant testified and repudiated said confession and proclaimed his innocence, yet was convicted by the jury. At his second trial, his confession was not admitted and claimant did not testify and at that jury trial, he was acquitted. At both trials the victim testified that the claimant was the perpetrator of the crime against him.[5]
Nonetheless, it appears to the court that in fact claimant’s confession did help to bring about his conviction in the first trial, just as its suppression at the second trial apparently played a significant role in the acquittal. The fact that it is now contended that claimant is a confessor, and would confess to any crime, does not becloud the issue for the court. He did confess and it is clear to the court that this confession, even though untrue, was a significant factor in claimant’s initial conviction. I believe it was not the Legislature’s intention to permit redress where an uncoerced confession, though subsequently shown to be false and illegally obtained, contributed to a conviction.
Accordingly, the State’s motion to dismiss the instant claim for failure to state a cause of action is granted on the law, as the court finds from review of the pleadings, affidavits and affirmations that claimant’s conduct in confessing did cause and bring about his conviction.

. Claimant was convicted under the name Robert W. Ausserau. The instant claim reflects the correct spelling of his last name.

. While there may be inferential reference to preanswer dismissal motions pursuant to CPLR 3211 (b) (see, Siegel, NY Prac § 285, at 341), such would not seem to be applicable in the claim at bar. Regardless, this court has considered each of the pleadings, affirmations and affidavits submitted by claimant for the purpose of opposing the defendant’s motion herein.

. Claimant’s counsel implies that the State should be prescient in knowing the mental capacity of this and other suspects prior to questioning and seeking or obtaining confessions. Claimant’s counsel also makes broad accusations of prosecutorial misconduct, above and beyond the grounds upon which claimant’s confession was suppressed. Inter alia, he contends that another individual had confessed to the crime, that the District Attorneys and law enforcement officers knew of this confession and did not properly advise defense counsel thereof.

. Similarly, to no avail is claimant’s flawed study of the term "contribute”, which nowhere appears within the statute.

. We are aware, of course, that one Grossman testified at the second trial under a grant of immunity. There were many differences between the two trials, including different Judges, prosecutors, defense counsel, jurors, etc. We cannot assess the impact of each such nuance, nor does the statute require such evaluation.