■ ROBERT K. LANZA, Respondent, v STATE OF NEW YORK, Appellant.—Main, J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered March 26, 1986, which denied the State's motion to dismiss the claim.

In 1984, the Legislature enacted the Unjust Conviction and Imprisonment Act (L 1984, ch 1009) to enable persons who had been wrongly convicted of crimes and imprisoned to recover damages against the State. In making a claim under this statute, now embodied in Court of Claims Act § 8-b, a claimant must establish by documentary evidence the facts of his criminal conviction, that he was imprisoned for all or a part of his sentence, and that he was pardoned on the basis of his innocence or that his conviction was reversed or vacated and the accusatory instrument dismissed on one of several enumerated grounds (Court of Claims Act § 8-b [3]). Further the claim must state in sufficient detail facts permitting the court to find that the claimant is likely to succeed at trial in proving that he did not commit any of the acts charged in the accusatory instrument or that the acts did not constitute criminal conduct, and that the claimant did not, through his own conduct, contribute to his conviction (Court of Claims Act § 8-b [4]). At trial, the claimant is required to prove all these

elements by clear and convincing evidence (Court of Claims Act § 8-b [5]).

Claimant was convicted of criminal sale of a controlled substance in the second degree in October 1979. This court affirmed the conviction, but in October 1981 the Court of Appeals reversed the conviction and dismissed the indictment *(People v Lanza,* 57 NY2d 807, *revg on dissenting opn below* 83 AD2d 714). Claimant commenced this claim to recover damages under the Unjust Conviction and Imprisonment Act. After joinder of issue, the State moved to dismiss on the basis, *inter alia,* that the claim failed to state a cause of action. The Court of Claims denied the motion, finding that the claim as amended subsequent to the motion complied with the requirements of Court of Claims Act § 8-b.

Initially, the State contends that claimant has not sustained his burden of demonstrating by documentary evidence the facts of his conviction, imprisonment, reversal of his conviction and dismissal of the indictment. We note that the State did not raise this objection in its motion before the Court of Claims and therefore is not entitled to raise it on this appeal *(see, Schoonmaker v State of New York,* 94 AD2d 741). Moreover, we find that claimant has sufficiently demonstrated these facts. Claimant appended to his claim the decisions of this court and the Court of Appeals, and those decisions make clear that claimant was convicted and that his conviction was reversed on one of the grounds specified in Court of Claims Act § 8-b (3) (b) (ii). With respect to claimant's sentence and imprisonment, we take judicial notice that claimant was convicted of a class A-II felony for which imprisonment is mandatory (Penal Law §§ 70.00, 220.41) and that claimant was not entitled to post bail pending appeal *(see,* CPL 530.50). The statute simply requires "documentary evidence"; contrary to the State's argument, it does not require any particular type of documentary evidence. Accordingly, claimant has met the pleading requirements of Court of Claims Act § 8-b (3).

We also agree with the Court of Claims that claimant stated sufficient facts to permit the court to find a likelihood of success at trial. While the State asserts that claimant should have submitted documentary evidence in order to demonstrate the facts, nothing in Court of Claims Act § 8-b requires such documentary evidence to be submitted at the pleading stage. Furthermore, while events may prove later that claimant is unable to carry his burden of establishing his innocence by clear and convincing evidence, we cannot say at this stage that the facts set forth in the claim do not indicate a likeli-

hood of success at trial or that the facts are not sufficiently detailed. Therefore, we refused to disturb the Court of Claims finding in this regard.

Finally, we reject the State's claim that claimant's failure to testify at his criminal trial contributed to his conviction and bars this claim. As the State itself notes, claimant had a constitutional right not to testify at his trial (see, US Const 5th Amend; NY Const, art I, § 6). Moreover, one could say that if claimant testified at his trial and his testimony was impeached, he contributed to his conviction by testifying. We do not believe that the Legislature intended such second-guessing of trial strategy in determining whether a person contributed to his conviction, especially in light of the examples of misconduct cited by the Law Revision Commission as examples of actions which would contribute to a conviction (see, 1984 McKinney's Session Laws, ch 1009, at 2932).

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.