OPINION OF THE COURT
Frank S. Rossetti, J.
The subject claim is based on the new unjust conviction statute, section 8-b of the Court of Claims Act. Defendant moves to dismiss on two grounds: (a) the vacatur of claimant’s conviction was not on a ground specified in the statute (i.e., it was based on constitutional grounds specifically omitted from the statute; see, Court of Claims Act § 8-b [3] [b] [ii] [A]; CPL 440.10 [1] [d], [h]) and (b) claimant has not presented sufficient facts to show his innocence as required by the statute (see, Court of Claims Act § 8-b [4]). Claimant answers that (a) the facts found in the vacatur determination warranted vacatur *172 on a proper ground (i.e., prosecutorial duress; see, Court of Claims Act § 8-b [3] [b] [ii] [A]; CPL 440.10 [1] [b]) and (b) he has presented all of the little remaining material documentary evidence of his 26-year-old conviction.
On December 15, 1960, Americo Lluveras was convicted of three counts of first degree robbery (see,Penal Law § 160.15) and on March 1, 1961 he was sentenced to concurrent terms of 10 to 30 years. After various unsuccessful court proceedings (and his release on parole in 1973), Mr. Lluveras finally obtained vacatur of his conviction by a Federal District Court in 1975. (See, United States ex rel. Lluveras v La Vallee, US Dist Ct, SD NY, Feb. 26, 1975, Palmieri, J., affd 526 F2d 585 [2d Cir 1975].) That court found his 1960 confession involuntary and constitutionally inadmissible. By a judgment dated March 21, 1975, the Federal court vacated the conviction and ordered claimant discharged from State custody unless retried in 60 days. For reasons not stated, claimant was not retried and his indictment was dismissed in State Supreme Court May 31, 1977.[1] After enactment of the Unjust Conviction and Imprisonment Act (see, L 1984, ch 1009, eff Dec. 21, 1984), Mr. Lluveras brought the instant civil suit by serving the subject claim on the State and filing it with the Court of Claims on October 14, 1986 (see, Court of Claims Act § 8-b [7]). The claim alleges the New York County Supreme Court Clerk informed claimant that the records of his criminal prosecution had been lost.
Defendant’s first ground for dismissal (see, at 171-172, supra) raises at least two questions under the unjust conviction statute, to wit, (a) how shall Federal vacaturs be treated under the statute and (b) may the Court of Claims find a vacatur to be on a proper ground where the vacating court has not? The State rightly points out that the grounds specified in the Federal court decision were constitutional ones which the statute specifically omits. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) Claimant responds that the facts found by the District Court could have justified a finding of duress by the police in obtaining the involuntary confession. Such could be deemed duress procured in behalf of a prosecutor and that is one of the grounds specified by the statute *173 (see, at 172, supra).[2] Since a Federal habeas corpus proceeding was the context of claimant’s vacatur, it is unsurprising that the decision and order there were not couched in terms of State law. Nevertheless, to the extent the Federal court does discuss its grounds for vacatur, the two constitutional grounds cited by defendant are the most comparable (see, at 172, supra; cf., Court of Claims Act § 8-b [3] [b] [ii] [C]).
The purpose of the unjust conviction statute was to provide a new remedy for innocent persons unjustly convicted (see, Court of Claims Act § 8-b [1]; see generally, Report, at 2899 et seq.; Executive mem, 1984 McKinney’s Session Laws of NY, at 3669), but the Legislature saw fit to impose various limitations on that remedy (see, at 174, infra). One of these is that a precedent reversal or vacatur be on certain grounds where there is only a dismissal and not a retrial. (See, Court of Claims Act § 8-b [3] [b] [ii].)[3] Claimant’s proof does not indicate any grounds were specified in the 1977 State Supreme Court dismissal[4] and, as noted, the Federal court reversal was not by its terms on any ground within those specified by the statute. While it can be argued claimant simply does not come within the terms of the statute and statutory construction is thus unnecessary (see, McKinney’s Cons Laws of NY, Book 1, *174 Statutes § 76), to the extent interpretation is required and permissible, strict construction would appear to be the rule (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], [c]; §§ 304, 321). More importantly, the apparent intent of the Legislature in adding the specified grounds was to restrict the application of the statute to avoid excessive burdening of the State. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]; n 3, supra; at 174, infra.) In this context, we believe claimant has to show more than he has to justify extending the statute beyond its express language. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 73, 74, 94, 240.) The court thus finds the documentary and other evidence in the record indicate claimant is not likely to succeed in proving at trial that this vacatur was on a proper ground for relief under the statute. (See, Court of Claims Act § 8-b [3] [b] [ii]; [4].)[5] Dismissal is therefore warranted.
Defendant’s second ground (the lack of sufficiently detailed facts showing innocence; see, at 172, supra) provides an additional and more clearcut ground for dismissal.[6] As noted, the purpose of the unjust conviction statute was to provide a remedy for innocent persons. (See, Report, at 2930; cf., Rivers v State of New York, 130 Misc 2d 544, 546.) However, an obvious concern of the Legislature in drafting the statute was the burden it would impose on the State, not only in terms of damages the State would have to pay, but also in terms of the added court and other State resources that would have to be allocated to the litigation of unjust conviction cases. Restrictions and requirements were therefore made a part of the statute with the intent of minimizing the number of frivolous suits (see, Report, at 2927-2928; Executive mem, op. cit.). One of these prerequisites is that: "The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit *175 any of the acts charged in the accusatory instrument * * * and (b) he did not by his own conduct cause or bring about his conviction.” (Court of Claims Act § 8-b [4].) Further, the standard on a motion to dismiss is likelihood to succeed at trial and the standard at trial is clear and convincing evidence. (Court of Claims Act § 8-b [4], [5].)[7] Thus, even if claimant had presented sufficient facts to meet the requirements of subdivision (3) (i.e., to show [a] a requisite felony and [b] vacatur on a proper ground), nowhere in the claim or his documentary or other evidence is there any detailing of even the facts of the alleged crimes, much less of claimant’s innocence of them. The Federal court decision deals only with claimant’s confession and neither it nor any other of claimant’s court proceedings make any particular findings of innocence, or even of facts from which innocence could properly be inferred. All claimant presents to show innocence is a single conclusory statement in his claim. (See, Report, at 2927.)
The court is of course mindful of the consideration to be given under the statute to the difficulties of proof caused by the passage of time and loss of records. (See, Court of Claims Act § 8-b [1].) Nonetheless, where as here the documentary evidence presented to meet the requirements of subdivision (3) does not provide sufficient facts to meet those of subdivision (4), then it is incumbent on claimant to supply the missing facts, through his own allegations, if necessary, or any other available proof, if possible. The coerced nature of claimant’s confession may vitiate or negate it as claim-barring conduct under paragraph (b) of subdivision (4) (cf., Ausderau v State of New York, 130 Misc 2d 848, 850, 852; Report, at 2932, 3), but the absence of any sufficiently detailed facts of the circumstances of the alleged crimes and claimant’s innocence of them precludes finding compliance with paragraph (a) of subdivision (4). Dismissal is therefore required on this ground also. (Court of Claims Act § 8-b [4].)

. The substantial time claimant had already served (12 years) may have been a factor in the determination not to retry. (See, 1984 Report of NY Law Rev Commn, in 1984 McKinney’s Session Laws of NY [hereinafter Report], at 2930.)

. Defendant quotes a reference to police good faith in the Federal court decision as indicia of a lack of duress, but it is not clear such precludes a finding of duress under the State Criminal Procedure Law (cf., Report, at 2932, K 4). Determinations of this type, however, are among those we believe properly beyond the province of this court under the subject statute (see, n 3, infra).

. The original Law Revision Commission version of the statute did not specify any particular grounds for vacatur, but the Commission did recognize that some grounds for vacatur are irrelevant to innocence. (See, Report, at 2928-2929.) Apparently the Legislature picked up on this and found purely constitutional reversals and dismissals not to be sufficiently correlated with innocence to warrant the added burden on the State their inclusion would impose. However, the statute does not expressly address the situation where a vacating court finds facts which could have justified vacatur on a ground specified in the statute, but said court chooses to base vacatur on another, nonspecified ground. This would seem a potentially common occurrence in Federal courts where constitutional reversals are frequent and there is little occasion or need to even mention potential grounds corresponding to the State’s procedural categorization. Consistent with out strict construction of the statute, however (see, at 173-174, infra), we find no authority for any after-the-fact "rearranging” of another court’s decision by this court. (See, Report, at 2927; McKinney’s Cons Laws of NY, Book 1, Statutes §§73,74.)

. This is unsurprising since the grounds referred to in the statute are grounds for reversal or vacatur, not dismissal. (See, Court of Claims Act § 8-b [3] [b] [ii]; CPL 440.10, 470.20.)

. The court is aware it is not claimant’s burden to establish his case by documentary evidence at this stage. (See, Lanza v State of New York, 130 AD2d 872.) The finding here is that the extant record shows only that claimant does not come within the express terms of the statute and there is no other adequate basis presented to show he is likely to prove otherwise at trial. This is the foundation of our above finding of no likelihood of success at trial.

. Since the court’s determination of the first ground involves a first impression statutory interpretation of a new statute creating a new remedy, the court is reluctant to base a dismissal solely thereon, particularly since there is yet no significant body of appellate law on the statute to guide the court. Hence our additional reliance on defendant’s second ground.

. On a motion to dismiss claimant’s burden under subdivision (4) of the statute is to present sufficient detailed facts to show he is likely to succeed at trial. He is not required to present clear and convincing proof at this point. That is his burden at trial (cf., Lanza v State of New York, 130 AD2d 872). However, where the presented factual details, or lack of them, indicate claimant will not be able to meet his burden at trial, then obviously he is not likely to succeed at trial. Thus, at least in this case and to this extent, the trial standard of subdivision (5) (clear and convincing proof) is relevant to the pleading/dismissal standard of subdivision (4) (likelihood to succeed at trial).