■ MARY REED, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 71407.)—In a claim to recover damages under the Court of Claims Act § 8-b, for unjust conviction and imprisonment, the defendant appeals from (1) an order of the Court of Claims (Lengyel, J.), dated December 12, 1985, which denied its motion to dismiss the claim pursuant to CPLR 3211 or, in the alternative, for summary judgment dismissing the

claim pursuant to CPLR 3212, and granted the claimant's cross motion for partial summary judgment on the issue of liability only, and (2) an interlocutory judgment of the same court (Lengyel, J.), dated January 3, 1986, in favor of the claimant on the issue of liability only.

Ordered that the appeal from the order dated December 12, 1985, is dismissed, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an interlocutory judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

By judgment of the County Court, Westchester County (Brewster, J.), rendered May 7, 1973, the claimant Mary Reed was convicted of manslaughter in the first degree and possession of a weapon as a felony, upon a jury verdict, and sentenced to concurrent, indeterminate terms of imprisonment. The conviction was affirmed without opinion by this court *(People v Reed,* 45 AD2d 934). However, in 1976, the Court of Appeals reversed the judgment of conviction and dismissed the indictment *(People v Reed,* 40 NY2d 204).

Following the enactment by the New York State Legislature of Court of Claims Act § 8-b, effective December 21, 1984, Ms. Reed asserted a claim against the State pursuant thereto. The objective of this statute is to provide monetary compensation to innocent persons who have been unjustly convicted and imprisoned.

In her claim, verified on August 13, 1985, Ms. Reed alleged, *inter alia,* that she did not commit any of the acts charged in the indictment giving rise to the criminal prosecution, and that she did not by her own conduct cause or bring about her conviction. She also asserted that she had been kept in custody by the State from the date of her arrest, on or about January 8, 1972, until her parole on or about October 14, 1975.

The defendant moved to dismiss the claim pursuant to CPLR 3211 (a) (2), (7) and (8), or in the alternative for summary judgment, and the claimant cross-moved for partial summary judgment on the issue of liability. The court denied

the defendant's motion and granted the claimant's cross motion.

On this appeal, the State challenges, on several grounds, the denial by the Court of Claims of its motion to dismiss the claim, or in the alternative, for summary judgment, and its granting of partial summary judgment to the claimant on the liability issue. Essentially, the State contends that the claim fails to comply with the express pleading requirements of Court of Claims Act § 8-b (3) and (4) and that the court erred in not finding, from a reading of the claim, that the claimant was not likely to succeed at trial in proving that she did not commit any of the acts charged in the indictment, or that her acts did not constitute a crime, and that she did not by her own conduct bring about her conviction.

At the outset, we note that the State's contentions concerning the lack of documentary evidence and sufficiency of the factual detail asserted in the claim, as well as the alleged failure by the claimant to submit an affidavit from one with personal knowledge of the facts in support of her cross motion for partial summary judgment, are raised for the first time on appeal and are not properly preserved for appellate review (see, Mastronardi v Mitchell, 109 AD2d 825, 828). In any event, there is no merit to these contentions.

We also find, based upon a review of the instant claim and the supporting papers, with the documentary evidence submitted by the parties on their respective motions, that under the unique facts and circumstances of this case, the trial court properly granted partial summary judgment in favor of the claimant on the issue of liability.

The facts are as follows:

In January 1972 upon investigating the shooting death of a man in a Mount Vernon bar, the police apparently suspected the claimant of being the perpetrator based upon certain statements made by a barmaid who witnessed the incident, and the fact that a purse containing a rent receipt in the claimant's name was found in the kitchen of the premises. The claimant was picked up by the police and admitted to Rockland State Hospital for psychiatric care. Pursuant to a court order in April 1972 an examination report was submitted to the court in which a psychiatrist expressed his opinion that the claimant was then "in a psychotic condition", that she was "too withdrawn to be able to cooperate with a lawyer in her own defense", and that she was unable to give an account of the crime. A few months later, in August 1972, the

claimant was found fit to proceed with her criminal prosecution, and was ultimately convicted of the above-stated crimes.

Although, as noted earlier, the conviction was affirmed by this court, the Court of Appeals reversed the conviction and dismissed the indictment *(People v Reed,* 40 NY2d 204, *revg* 45 AD2d 934, *supra).*

In its decision, the Court of Appeals noted that except for the testimony of Claretta Mitchell Booker, the barmaid on duty on the night of the shooting, there was no evidence connecting the claimant with the crime. "No other witness could be found to testify that Mary Reed was in the bar on that evening or that Mary Reed shot Banks, although there were others in the bar that night including Evelyn Crawford, the off-duty barmaid, who played a part in Claretta Mitchell Booker's narrative. No circumstantial proof, no fingerprints or proof of ownership of the weapon was presented to add credence to what in all other respects, we are told, is an unbelievable story" *(People v Reed,* 40 NY2d 204, 209, *supra).*

According to the Court of Appeals, during her testimony at trial, the barmaid who was the sole identification witness failed to give as detailed a description of the crime as she had in a prior written statement and deviated during the course of her testimony from the statements she had previously made. The trial court therefore granted the prosecutor's requests that she be permitted to refresh her recollection, and finally that the witness be declared hostile so that leading questions could be used to elicit her testimony.

The Court of Appeals also pointed out that even if the barmaid's inconsistent testimony were to be believed, while it implicated the claimant, it was also exculpatory, for it provided a description of circumstances constituting a defense of justification. Having noted the fundamental weaknesses in the case against Ms. Reed, the Court of Appeals concluded that the People failed to prove Ms. Reed's guilt beyond a reasonable doubt.

Contrary to the oral argument presented on behalf of the defendant on this appeal, there is no merit to the contention that the Court of Appeals solely addressed itself to a reversal of the manslaughter conviction and overlooked or failed to consider the conviction of possession of a weapon as a felony. In concluding that the prosecution, as a matter of law, failed to prove its case beyond a reasonable doubt, and based upon its discussion of the lack of evidence to support not only the conviction of manslaughter but also the conviction of posses-

sion of a weapon, the Court of Appeals reversed the judgment of conviction and dismissed the indictment as to both charges.

With respect to the instant claim, the State also contends that the claimant did not bear her statutory burden of establishing by clear and convincing proof that she did not commit any of the acts charged in the indictment or that her acts did not constitute a felony or a misdemeanor (Court of Claims Act § 8-b [5]), such as to entitle her, as a matter of law, to partial summary judgment on the issue of liability. It argues that, in effect, she is improperly attempting to prove her claim relying solely upon the fact of the reversal by the Court of Appeals of her conviction.

However, while mindful of the burden of proof imposed upon the claimant in such cases, we also note that the Legislature expressly authorized the court to exercise its discretion in considering the evidence presented in each case, providing under Court of Claims Act § 8-b (1), in pertinent part, as follows: "In light of the substantial burden of proof that must be carried by such persons, it is the intent of the legislature that the court, in exercising its discretion as permitted by law regarding the weight and admissibility of evidence submitted pursuant to this section, shall, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf".

The burden of proving a case by clear and convincing evidence has been defined as requiring a party to present evidence demonstrating the "high probability" that what he claims is what actually happened (PJI 1:64 [Supp]). In the case at bar, the claimant must, in effect, prove a negative, i.e., that she is innocent. The difficulty in establishing this is exacerbated by the fact that the claimant suffers from amnesia with regard to this event and is unable to testify with respect thereto.

Under the unusual circumstances of this case, as demonstrated by the evidence in the record, and giving due consideration to the various extraordinary factors not caused by the claimant which present difficulties in presenting proof of her claim, we find that the claimant has demonstrated a high probability that she did not commit the acts charged or that her acts did not constitute a crime.

We emphasize that our affirmance of the interlocutory judgment is based solely upon the unique facts of this case,

and that we do not agree with the suggestion that in every case where there is not sufficient proof to submit a case to a jury or to require a new trial, and where the other statutory criteria are met, a claimant has sustained his or her burden under Court of Claims Act § 8-b. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur. [See, 129 Misc 2d 517.]