OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Robert A. Stevenson was convicted on April 14, 1982 of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree and was sentenced on May 20, 1982 to an indeterminate term of imprisonment. He remained incarcerated until February 26, 1986.
*314 By order of the Supreme Court, Monroe County, dated June 27, 1985, claimant’s conviction was vacated and a new trial ordered. After motion of the District Attorney, the Supreme Court ordered the indictment against claimant to be dismissed. It is true that claimant did not commit the acts charged in that indictment, did not commit the acts for which he was convicted, and was wrongfully imprisoned. Thus, on its face, the claim herein would seem to present a textbook claim under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b).
But this claim presents the court with literally a two-faced problem, for claimant was convicted and imprisoned for acts committed by his identical twin brother, Richard S. Stevenson. This rather unique circumstance requires careful consideration.
The State moves for summary judgment on the claim herein on the ground that claimant brought about his own conviction (Court of Claims Act § 8-b [4] [b]) primarily because claimant intentionally concealed the guilt of his identical twin brother. In fact, claimant’s brother confessed his criminal conduct to claimant on the day of the robbery, December 22, 1980, and again no later than December 25, 1980. Claimant and his brother then fled the State, thus violating conditions of claimant’s parole. Claimant returned to Rochester in December 1981, was jailed, tried and sentenced by May 20, 1982.
The State’s motion must be granted. Claimant concealed his brother’s guilt by excluding exculpatory information from the police and other law enforcement officials to protect his brother and to avoid being designated as a "snitch”. The refusal to be a "snitch” may be admired in some quarters, but our system of jurisprudence is founded upon a search for truth, an attribute which claimant did not exhibit in this matter.
Claimant knew that he might be questioned in connection with his brother’s actions because they were identical twins and likely to be confused by witnesses. Claimant knew his brother was guilty, yet opted not to disclose this information. In light of my finding herein, it is not necessary to otherwise examine whether claimant’s act in fleeing the jurisdiction while on parole was a contributing factor to his conviction.
My finding is not related to the claimant’s exercise of his *315 constitutional right not to testify at his trial (see, Lanza v State of New York, 130 AD2d 872). This decision presents no affront to the solid wall of constitutional protections against self-incrimination (US Const 5th Amend; NY Const, art I, § 6), for it contains unique circumstances that fall outside those parameters.
It offends my sense of justice to allow this claim to proceed. It also would have offended the sensibilities of the Law Revision Commission which, in delineating examples of disqualifying misconduct on the part of putative claimants, included the concealing of the guilt of another (1984 Report of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2932; hereinafter Report). Whether characterized as conduct as in Court of Claims Act § 8-b (4) (b), or misconduct as in the Report, claimant concealed the guilt of another. While claimant was convicted and incarcerated for a crime he did not commit, he helped to bring about his own conviction by deliberately concealing his brother’s culpable conduct and confession thereof.
I am not faced with a claimant who did not know of the guilt of another, nor one who provided exculpatory information or incriminated another, yet was convicted nonetheless. Similarly, claimant was not innocently or naively "framed” by his identical twin brother.
My finding here is not subject to persuasive rebuttal by those who would view claimant as a victim who did no more than exercise his constitutional right against self-incrimination, did not testify at his trial and thus put the District Attorney to his proof. But the cause of action here is a statutorily created civil remedy, an intentionally narrow opening of the State’s shield of sovereign immunity. Was there not an obligation on claimant’s part to come forward (at least after his conviction when self-incrimination was no longer a consideration) with exculpatory information? But claimant did not act; his conviction was vacated and the indictment dismissed only because his brother came forward and admitted his guilt. Thus, is not claimant’s failure to come forward at any time and his complete failure to mitigate by silence precisely the type of disqualifying circumstance contemplated by the Law Revision Commission and the Legislature? I find that it is.
Thus, after reading the claim and other pleadings herein, it *316 is clear to me that claimant is not likely to succeed at trial and he has failed to present a viable claim under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b [4]).
Accordingly, the State’s motion is granted and the claim herein is dismissed.