OPINION OF THE COURT
Gerard M. Weisberg, J.
Stephen Moses filed a claim under the Unjust Conviction *1082 and Imprisonment Act of 1984 (L 1984, ch 1009, adding Court of Claims Act § 8-b) and the State has moved to dismiss. The issues before us are the pleading specificity required under the statute and whether claimant’s presenting of a false alibi which led to his conviction is fatal to his cause of action.
On December 20, 1978, Arthur K. Watt, a young serviceman stationed at Fort Leonard Wood in Missouri, flew to New York to spend Christmas with his family. On his way home, he stopped at a bar in upper Manhattan and from there went to a vacant apartment at 2725 Eighth Avenue with other patrons of the bar, where he was robbed, stabbed and strangled. Officials discovered his partially burned body the next morning. Charged with this brutal murder, claimant proceeded to trial and rested without presenting any evidence, insisting that the prosecution had failed to corroborate the testimony of its chief witness, Lynette Baker, his former girlfriend and an admitted accomplice to the crime. (See, People v Moses, 63 NY2d 299.)
According to Baker, who was also charged with the felony but who testified in exchange for leniency, she, claimant, Cornell Alston and Jerome McEachin met Watt in a bar on Eighth Avenue on the night of December 21, 1978. When the party adjourned to a vacant apartment, Moses suddenly grabbed Watt in a choke hold and McEachin and Baker robbed him. Claimant and Alston then agreed that the victim had to be killed because he knew their names. Baker testified further that she saw Alston stab Watt twice and Moses strangle him. (People v Moses, supra.)
Another prosecution witness, Margaret Jennings, who lived in the apartment across the hall from the crime scene, testified that she saw Moses leaving the apartment a few hours before the crime. This directly contradicted claimant’s statement to the police that he had not been in Manhattan at all that day and had never been in the building. (People v Moses, supra.)
Following the People’s case, claimant moved to dismiss the indictment arguing that the accomplice’s testimony was insufficiently corroborated. The court reserved decision and Moses rested without presenting any evidence. The jury convicted both him and Alston of felony murder and third degree robbery. (People v Moses, supra.)
The trial court subsequently granted the motion to dismiss, finding Baker’s testimony inadequately corroborated. In addi *1083 tion, as an alternative ground, based on what he perceived to be Baker’s lack of credibility, Justice Michael J. Dontzin set aside the verdict in the interests of justice to avoid the " 'grave risk that an innocent man has been convicted.’ ” (People v Moses, supra, at 305.)
The Appellate Division reversed and reinstated the conviction (People v Moses, 91 AD2d 239). The majority, while finding that the only evidence corroborating Baker’s testimony was claimant’s false alibi, held that to be sufficient. The two concurring Justices, while agreeing that the false alibi corroborated Baker, found additional support in, among other things, Jennings’ testimony placing Moses at the scene earlier that evening. It is interesting to note that claimant did not "seriously urge” the interests of justice theory before the Appellate Division. (Supra, at 240.)
The Court of Appeals, after reviewing the foregoing, reversed and reinstated the trial court’s order dismissing the indictment, holding the false alibi to be the only evidence corroborating Baker’s testimony, and finding it insufficient to satisfy CPL 60.22. (People v Moses, 63 NY2d 299, 302, supra.)
Moses, who was allegedly incarcerated between the time of the Appellate Division and Court of Appeals decisions, a period of 22 months, then filed a claim for $25,000,000 under section 8-b of the Court of Claims Act. Defendant’s motion to dismiss asserts that claimant has failed to satisfy the pleading specificity required under the statute and, alternatively, that his false alibi disqualifies him from relief.
Section 8-b (4) of the Court of Claims Act provides: "The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction. The claim shall be verified by the claimant. If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state.” (Emphasis supplied.)
In response to these pleading requirements, claimant relies on the decisions cited above and the conclusory allegations that he "did not commit any of the acts charged in the aforesaid indictment * * * [and that he] did not by his own *1084 conduct cause or bring about his own conviction.” In essence, it is his position that the opinions satisfy the pleading requirements by actually establishing his innocence. We disagree.
In enacting the statute, the Legislature struck a balance between the competing goals of compensating those unjustly convicted and imprisoned and preventing the filing of frivolous claims by those who are not actually innocent. (See, 1984 Report of NY Law Rev Commn [Report], 1984 McKinney’s Session Laws of NY, at 2926.) To avoid overburdening the representatives of the State, detailed pleading requirements were adopted to enable the culling out of meritless actions as early in the proceeding as possible. (Id.) In fact, it was anticipated that few claims would survive a motion to dismiss. (Id., at 2930.)
Of course, within this framework, the actual specificity required must be a sui generis determination based on the particular situation presented. In rare circumstances, a reversal itself may so sufficiently establish innocence as to dispense with further pleadings or proof. (Cf., Reed v State of New York, 133 AD2d 107.) Where the reason for the dismissal is equivocal, other evidence must be submitted. While it need not be documentary (Dozier v State of New York, 134 AD2d 759), allegations must be factual and of such a character that if believed would clearly and convincingly establish the elements of the claim. (Dozier v State of New York, supra; Stewart v State of New York, 133 AD2d 112; Lluveras v State of New York, 136 Misc 2d 171; Rivers v State of New York, 130 Misc 2d 544; Forest v State of New York, Ct Cl, Dec. 1, 1987, Orlando, J.)
Here, the Court of Appeals reversal was based solely on the technical ground that the testimony of the prosecution’s key witness was insufficiently corroborated. That court neither found nor intimated that claimant was actually innocent. Moreover, while the trial court feared that Moses might be innocent, that is a far cry from establishing his innocence by clear and convincing evidence.
Clear and convincing evidence is a standard which is higher and more demanding than by a mere preponderance (Rossi v Hartford Fire Ins. Co., 103 AD2d 771; 4 Bender, New York Evidence § 184.02; Fisch, New York Evidence § 1090), and is not satisfied by evidence which is " ' "loose, equivocal or contradictory” ’ ” (Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 220; see, Chimart Assocs. v Paul, 66 NY2d 570, *1085 574). Justice Dontzin’s concern that claimant might be innocent is equivocal at best. Moreover, claimant abandoned that theory on appeal and the Appellate Division reversed.
Thus, on the papers before us, we cannot find that claimant is likely to succeed at trial in proving his innocence by clear and convincing proof. The judicial pronouncements only raise questions rather than answering them and claimant has offered no additional factual support as might warrant a trial. While questions of witness credibility should not generally be decided on papers, 12 of his peers have already found claimant guilty beyond a reasonable doubt and his conviction was overturned solely on a technical ground not available in this civil proceeding. (Fudger v State of New York, 131 AD2d 136; see, Report, 1984 McKinney’s Session Laws of NY, at 2929; accord, United States v Brunner, 200 F2d 276 [6th Cir 1952].) In light thereof, more than a one-sentence assertion of innocence is required to satisfy the pleading requirements of the statute and justify a trial.
In addition, to be eligible for relief, Moses must show that "he did not by his own conduct cause or bring about his conviction.” (Court of Claims Act § 8-b [4] [b].) The purpose of this requirement is to ensure that a claimant is not rewarded for his own misconduct. (Report, 1984 McKinney’s Session Laws of NY, at 2932.)
. In its Report, the Law Revision Commission cited five examples of types of misconduct that would bar relief. These include giving an uncoerced confession of guilt, removing evidence, attempting to induce a witness to give false testimony, attempting to suppress testimony or concealing the guilt of another. (Report, 1984 McKinney’s Session Laws of NY, at 2932; see, e.g., Stevenson v State of New York, 137 Misc 2d 313.)
Claimant objects that offering a false alibi[1] is not one of the proscribed activities. As is readily apparent, the list is only illustrative and not exhaustive. If it were to be limited to the five items specified, there would be no need to characterize *1086 them as examples. Moreover, while the issue is one of first impression in this jurisdiction, our interpretation is supported by the case law under 28 USC § 2513, the Federal unjust conviction and imprisonment statute, upon which section 8-b was based in part. (See, Report, 1984 McKinney’s Session Laws of NY, at 2920; compare, 28 USC § 2513, with Court of Claims Act § 8-b.)
Thus in Murray v United States (15 MJ 1054), plaintiff, who had been convicted of possessing heroin, had his conviction overturned for insufficient evidence. The verdict had been contributed to, however, by his allowing his roommate to hide the drugs in their room. This was held to disentitle him to relief under the Federal statute. Having brought about his own conviction, equity would not reward him. (Supra, at 1056; see also, United States v Keegan, 71 F Supp 623 [SD NY 1947].)
Here, if claimant had not lied to the police, assuming he was innocent, he would not have been convicted. The only corroboration a majority of the Appellate Division found was the false alibi. He, therefore, not only contributed to his conviction, he caused it. Equitable considerations, as codified in section 8-b (4), will not authorize his reward.[2] (See, Stevenson v State of New York, supra.)
Upon the foregoing, defendant’s motion is granted and the claim is dismissed.

. In response to this motion, claimant’s attorney submitted an affirmation which appears to suggest that Moses may not have been lying when he gave his alibi to the police. The consequences of this assertion need not concern us. Section 8-b (4) of the Court of Claims Act requires that the claim be verified by claimant and contain facts establishing his innocence and freedom from fault. Moses knows where he was that day. His attorney’s speculation on his behalf will not suffice. (Cf., Reed v State of New York, 133 AD2d 107; Reed v State of New York, 133 AD2d 105.)

. It should also be noted that if claimant was innocent, Baker perjured herself in causing his conviction. Why? The trial court found her testimony untrustworthy based both on her interest in obtaining leniency and on her animosity towards claimant resulting from their prior relationship which included beatings. Absent clear and convincing proof that it was the former and not the latter which prompted her perjury, if any, is claimant entitled to relief? Can one say that Moses did not bring about his own conviction when, if there was perjury, it was prompted by his mistreatment of Baker? Where a claimant through misconduct has incited another to false accusations of murder are his hands clean enough to reach into the public till for recompense. We think not. (Cf., Lanza v State of New York, 130 AD2d 872; Ausderau v State of New York, 130 Misc 2d 848, affd on opn below 127 AD2d 980.)