■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MIGUEL HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 21, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

This is the second time the defendant has been convicted of the crimes underlying this appeal *(see, People v Hernandez,* 92 AD2d 875). And as with the first trial, errors were committed which served to deprive the defendant of a fair trial, mandating reversal.

We find that the conduct engaged in by the prosecutor on summation in denigrating the defense and asserting that the

only witnesses willing to come forward for the defendant were those that were willing to lie, is the same type of misconduct which contributed to reversal following the first trial *(see, People v Hernandez, supra).* We trust that our disapproval of such comments will not go unheeded when the defendant is again retried.

Moreover, the trial court committed errors during its charge to the jury which are also preserved for appellate review. It was error to give a missing witness charge with respect to certain of the defendant's family members who resided in Puerto Rico, one of whom was ill and elderly, due to their failure to appear and testify at trial. The defendant's sister and the leader of the community in Puerto Rico where the defendant testified he resided at the time of the crime did travel to New York and corroborated the defendant's testimony that he resided in Puerto Rico at the time in question. The testimony of additional family members would have been cumulative *(see, People v Gonzalez,* 68 NY2d 424, 427; *People v Wynn,* 121 AD2d 665; *cf., People v Paylor,* 70 NY2d 146).

The remaining contentions are without merit or rendered academic in light of our determination. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.