OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a motion by claimant, Jose Miguel Hernandez, to *233 strike the defendant’s fourth and fifth affirmative defenses or, should it be necessary, to file a late claim. Defendant cross-moves for summary judgment dismissing the claim on the alternative grounds that it is late and fails to satisfy Court of Claims Act § 8-b (4).
On December 16, 1978, claimant was arrested in New York after being extradited from Puerto Rico. Although claimant and several alibi witnesses testified that he was in Puerto Rico at the time of the crime in New York, on November 1, 1979, he was convicted of second degree murder and criminal possession of a weapon in the second degree. On December 19, 1979, claimant was sentenced to 18 years to life plus 5 to 15 years to run concurrently. He was incarcerated.
On March 7, 1983, claimant’s conviction was reversed and a new trial was ordered. (People v Hernandez, 92 AD2d 875.) The basis of this reversal was that the trial court erred in its alibi instruction to the jury (see, People v Wallace, 87 AD2d 895) and that the prosecutor made improper comments to it by accusing the claimant of bringing his father to court that he might tell a ridiculous untrue story to the jury.
On retrial, on September 26, 1984, claimant was again convicted of murder in the second degree and criminal possession of a weapon. On November 21, 1984, claimant was sentenced to 18 years to life plus 316 to 10 years to run concurrently. He was again incarcerated. On March 26, 1990, this second conviction was reversed and a new trial was again ordered. (People v Hernandez, 159 AD2d 722.) The Appellate Division stated:
"[A]s with the first trial, errors were committed which served to deprive the defendant of a fair trial, mandating reversal.
"We find that the conduct engaged in by the prosecutor on summation in denigrating the defense and asserting that the only witnesses willing to come forward for the defendant were those that were willing to lie, is the same type of misconduct which contributed to reversal following the first trial.” (Supra, at 722-723.) The Court also reversed based on the Trial Judge having given an uncalled for missing witness charge.
A third trial was held on November 27, 1990 and claimant was acquitted of all charges. He filed and served a claim for damages under the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b) on August 25, 1992, and filed and served an amended claim on October 16, 1992. Defendant’s *234 amended answer contains as its fourth affirmative defense, in essence, that this court lacks jurisdiction over the claim because claimant failed to timely serve and file it in accordance with sections 10 and 11 of the Court of Claims Act.
Court of Claims Act § 10 (4) provides as follows: "A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.”
Court of Claims Act § 8-b (7), on the other hand, provides in pertinent part that: "Any person claiming compensation under this section based on * * * the dismissal of an accusatory instrument that occurred on or after the effective date of this section shall file his claim within two years after the * * * dismissal.”
Defendant, relying on Gray v State of New York (Ct Cl, Nov. 29, 1991, Hanifin, J.), argues that section 8-b (7) notwithstanding, the time limits contained in section 10 also apply. Inasmuch as claimant neither served nor filed a notice of intention to file a claim nor a claim within six months of his acquittal, defendant concludes, the claim is jurisdictionally late.
First, Gray (supra) did not hold that the time limits contained in section 10 apply to section 8-b cases. Rather, the claimant in Gray assumed that to be the law, concluded that his claim was late and moved for permission to file a late claim. The Gray court only accepted, arguendo, the claimant’s premise vis-á-vis sections 8-b and 10 in order to reach the issue of his requested relief.
Second, to hold that section 10 applies in section 8-b cases would violate at least two rules of statutory construction: (i) that whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular is inapplicable (McKinney’s Cons Laws of NY, Book 1, Statutes § 238; People v Lawrence, 64 NY2d 200, 204; Matter of Prospect v Cohalan, 109 AD2d 210); and (ii) the rule against implicit repeal. (McKinney’s Cons Laws of NY, Book 1, Statutes § 98.)
Here section 8-b (7) specifically provides when a claim under section 8-b shall be filed, to wit, within two years of accrual. The general time limits contained in section 10 therefore have *235 no application to section 8-b cases. Moreover, the contrary interpretation would essentially render section 8-b (7) a nullity: for it is meaningless to authorize a filing within two years of accrual when another statute is held to require a filing within six months.
Third, the Gray court recognized the logic of this analysis by quoting from a memorandum of the Attorney-General, submitted as part of the legislative history to section 8-b which provides, essentially, that requiring section 8-b cases to comply with section 10 would be unworkable. (See, Gray v State of New York, Ct Cl, Nov. 29, 1991, Hanifin, J., supra.) We therefore find the claim to have been timely served and filed and strike the fourth affirmative defense.
The fifth affirmative defense provides that the claim fails to comply with the pleading requirements of Court of Claims Act § 8-b. Inasmuch as the papers establish that claimant was convicted, incarcerated, retried and acquitted, the claim satisfies Court of Claims Act § 8-b (3). (Ivey v State of New York, 80 NY2d 474.)
As to Court of Claims Act § 8-b (4), that subdivision provides in pertinent part: "The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument”.
We have held that the test under this subdivision is that the allegations must be factual and of such a character that if believed would clearly and convincingly establish the elements of the claim. (Moses v State of New York, 137 Misc 2d 1081, 1084.)
Here, claimant annexed portions of the testimony of himself and several alibi witnesses from the criminal trials to the effect that he was in Puerto Rico at the time of the commission of the crime in New York. Obviously, if believed, this would clearly and convincingly establish Ms innocence.
In response, the defendant in its cross motion for summary judgment, submitted the sentencing minutes after the first trial, in which Justice Edward K. Pincus, who presided over that trial, states:
"All of this testimony as to the alibi defense was found by the jury not to be believable.
"For the purpose of imposing sentence, the Court Also [sic] finds that all this testimony was not worthy of belief.”
The State also points to this language in the Appellate *236 Division’s first reversal: "Though the veracity of the alibi witnesses, including the defendant, appears to be questionable, when such testimony is laid side by side with the testimony establishing defendant’s identity as a perpetrator of the crimes charged, we cannot say that a properly instructed jury would have reached the same result as that which was reached at the instant trial.” (People v Hernandez, 92 AD2d 875, supra.)
Based thereon, defendant argues that we cannot find it likely that claimant will succeed at trial in convincing us of his innocence because his case rests on alibi testimony that Justice Pincus and the Appellate Division already found to be unbelievable.
Inasmuch as the Appellate Division was not at the criminal trial, a fortiori, its comments concerning credibility must be based on what Justice Pincus said in the sentencing minutes and the jury’s verdict. With respect to the jury, since it was given incorrect instructions and was subjected to an improper and prejudicial summation, its rejection of the alibi defense carries no weight. As to Justice Pincus, he apparently thought claimant and his alibi witnesses to be liars. However, we have not been told what he based this on. Moreover, there was no evidence that Justice Julius A. Hellenbrand, who presided at the second trial, nor the Appellate Division on the second appeal shared this view. In addition, at the third trial, 12 jurors found the same testimony to be credible. Recognizing that "weighing of the evidence is more appropriately a function to be exercised at the actual trial” (Dozier v State of New York, 134 AD2d 759, 761; see, Solomon v State of New York, 146 AD2d 439; Grimaldi v State of New York, 133 AD2d 97), we think claimant is entitled to his day in court. The fifth affirmative defense is therefore stricken and the cross motion is denied.
Finally, inasmuch as we have found this claim to be timely, section 10 being inapplicable, claimant’s application to file a late claim is academic. That notwithstanding, since it may turn out that the State is correct and that section 10 does apply, a fortiori section 10 (6) would likewise apply. Considering the factors specified therein, we find claimant’s delay to be excusable (he simply having followed the language of the statute), that the State has shown no prejudice from the delay, that the claimant has a meritorious appearing cause of action within the meaning of Matter of Santana v New York State Thruway Auth. (92 Misc 2d 1) and he has no other remedy. *237 Therefore, based on the majority of the factors and the totality of the circumstances, the application to file a late claim is also granted. (Bay Terrace Coop. Section IV v New York State Empls.’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)