■ DOUGLAS WARNEY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 114826.) [894 NYS2d 274]—

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered October 16, 2008. The order granted defendant's motion and dismissed the claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The Court of Claims properly granted defendant's motion to dismiss this claim seeking damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. The claim was brought after claimant's conviction of two counts of murder in the second degree was vacated based on

newly found evidence, i.e., the DNA analysis of the blood evidence from the crime scene that implicated another person. Claimant had confessed to the crimes, which in large part led to his conviction (*People v Warney*, 299 AD2d 956 [2002], *lv denied* 99 NY2d 633 [2003]). The new evidence was discovered after claimant had been incarcerated for a period of time, whereupon the person implicated by the new evidence confessed and pleaded guilty to the crimes. "To survive [defendant's] dismissal motion, . . . claimant [was required by Court of Claims Act § 8-b (3) to] state facts in sufficient detail to permit the court to find that [he] was likely to succeed at trial in proving[, inter alia,] that [he] by [his] own conduct [did not] cause or bring about [the] conviction" (*Reed v State of New York*, 78 NY2d 1, 7 [1991]). "[F]or example, an innocent criminal defendant may cause or bring about his or her own conviction by making an uncoerced false confession of guilt that is presented to the jury at trial" (*O'Donnell v State of New York*, 26 AD3d 59, 62-63 [2005]; *see generally Ausderau v State of New York*, 130 Misc 2d 848, 851-852 [1985], *affd* 127 AD2d 980 [1987], *lv denied* 69 NY2d 613 [1987]). We therefore conclude that claimant has failed to state facts in sufficient detail to permit the court to find that he is likely to succeed at trial in proving that he did not by his own conduct cause or bring about his conviction (*see* Court of Claims Act § 8-b [4]). Indeed, he merely surmises that his confession must have been coerced because it was later shown to be false when someone else confessed to the crime and, apart from claimant's actual confession, there was evidence that claimant approached the police in the first instance with information about the crimes and made incriminating statements to police officers. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.