■ In the Matter of ALFRED GONZAGUE, Appellant, v. PAUL J. REGAN, as Chairman of the New York State Parole Board, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered January 5, 1973 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for an order compelling the Board of Parole to hear and review petitioner's eligibility for parole. Petitioner was convicted of three separate counts of rape in the first degree, together with related counts of sodomy in the first degree and assault second degree with respect to the first two rape counts, and assault second degree in connection with the third rape count. The trial court provided that sentences for the sodomy and assault counts were to be served concurrently with their related rape count, but that sentences on the separate rape counts were to be served consecutively with each other. In an appeal from this conviction, the Court of Appeals modified the judgment by reversing the rape convictions and vacating their sentences, but otherwise affirmed the convictions for sodomy and assault and the sentences imposed thereon (*People* v. *Gonzague*, 25 N Y 2d 867). It is petitioner's contention that by vacating those sentences which were consecutive, all that remains are concurrent sentences and, consequently, he is due for parole consideration at the present time. Respondent, on the other hand, contends that since the sentences for sodomy and assault were only concurrent with the sentences to which they applied for rape, and the rape sentences were consecutive to each other, the sentencing court clearly intended that these sodomy

and assault sentences be consecutive to each other. There is no question but that the court had the power to impose consecutive sentences for separate crimes (Penal Law, § 70.25). The fact that the sentences for rape were vacated does not affect the validity of the concurrent sodomy and assault sentences which were clearly sentences for crimes separately committed and made consecutive to each other. Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.