■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. FUDGER, Appellant. — Appeal by permission, from an order of the County Court of Montgomery County, entered July 21, 1980, which denied defendant's motion for resentencing and discharge from custody. In 1976, defendant was convicted of criminal possession of stolen property in the second degree, and the following year of arson in the fourth degree. A sentence of 2 to 4 years on each charge, to run consecutively, was imposed. While confined, he was indicted for other crimes including burglary in the third degree, to which he pleaded guilty and was sentenced to a term of 2 to 4 years. A condition of this bargained-for plea was that the burglary sentence was to run consecutively to the 1976 sentence and be served concurrently with the arson sentence. After defendant had completed serving his sentence for criminal possession of stolen property and was well into the consecutive sentence levied for committing arson, the latter conviction was reversed (*People v Fudger*, 73 AD2d 1020). His claim that he should be immediately discharged, since reversal of the arson conviction leaves nothing with which the burglary sentence can concurrently run, is unacceptable for it fails to consider the parties' agreement in its entirety. That agreement also provides that the burglary sentence is to run consecutively to the sentence for criminal possession of stolen property. Reversal of the arson conviction did not impair in any way this aspect of the parties' agreement (*Matter of Gonzague v Regan*, 44 AD2d 737). Another condition of the agreement was that defendant, as a result of the burglary plea, would not be imprisoned for a greater period of time than for the sentences he was already serving. The District Attorney forthrightly observes that elementary fairness dictates that the 222 days of pretrial jail time credited against defendant's arson sentence should now be counted towards his burglary sentence. To extend his current sentence by 222 days, as was done by the correctional facility, does violence to the terms of the plea bargaining agreement. Order modified, on the law, by adding thereto a provision directing that defendant's burglary sentence be reduced by the 222 days of pretrial jail-time credit applicable to defendant's prior arson sentence, and, as so modified, affirmed. Mahoney, P.J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.