■ ROBERT GRIMALDI, Respondent, v STATE OF NEW YORK, Appellant.—In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the defendant the State of New York appeals from an order of the

Court of Claims (Rosetti, J.), dated September 24, 1985, which, *inter alia,* denied its motion to dismiss the claim under CPLR 3211 (a) (7), for failure to state a cause of action.

Ordered that the order is affirmed, with costs, and the defendant's time to answer is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

By judgment of the Supreme Court, Queens County, rendered March 13, 1973, the claimant Robert Grimaldi was convicted of murder, upon a jury verdict, and sentenced to an indeterminate term of from 15 years to life imprisonment. Upon appellate review of the judgment, by order of this court dated April 29, 1974, the judgment was reversed, on the law, and the indictment was dismissed on several grounds *(People v Grimaldi,* 44 AD2d 722).

Thereafter, the Legislature enacted Court of Claims Act § 8-b, effective December 21, 1984, which permitted claims to be asserted against the State for the recovery of damages by "those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned" (Court of Claims Act § 8-b [1]). Court of Claims Act § 8-b (3) specifies the following requirements which a claimant must establish by documentary evidence in order to present a claim:

"3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:

"(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

"(b) (i) he has been pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds for the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item [A] hereof), two, three (where the count dismissed was the sole basis for the

imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and

"(c) his claim is not time-barred by the provisions of subdivision seven of this section".

Pursuant to the statute, Mr. Grimaldi filed a claim dated April 4, 1985, against the State, alleging that he had served approximately 26 months of his sentence, and that his judgment of conviction had been reversed and the indictment dismissed by this court. He referred to this court's April 29, 1974 memorandum decision attached as an exhibit and made a part of the claim.

He further alleged, in substance, that he did not commit any of the acts charged and that he did not cause or bring about his own conviction, which was wrongfully obtained by the prosecution, which "suppressed evidence with the intent of procuring a conviction", and "permitted inconsistent material statements to be presented at the trial, knowing of the[ir] falsity".

The State moved to dismiss the claim on the ground that it failed to state a cause of action, relying in part, upon Court of Claims Act § 8-b (4), which provides as follows, in pertinent part: "4. The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction * * * If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state".

Although the State contends on this appeal that the claim fails to allege facts in sufficient detail and to provide the necessary documentary evidence, our reading of the allegations in the claim and the memorandum decision and order of this court incorporated therein by reference, indicates that the specific requirements of Court of Claims Act § 8-b concerning the presentation of a claim were satisfied. In the subject memorandum decision we extensively discussed the evidence presented by the prosecution, in the underlying murder trial,

stating that "[i]n our opinion, the People, in their case in chief, failed to prove facts from which only inferences consistent with defendant's guilty participation in [the victim's] murder could be drawn" *(People v Grimaldi, supra,* at 723). We further noted that the case turned solely upon the credibility of one eyewitness who originally made statements to the police that she had not witnessed the murder and testified to the Grand Jury that Grimaldi was with her and not present at the scene during the perpetration of the crime. Moreover, at Grimaldi's trial, she made representations concerning her prior life in a convent, which were repeatedly emphasized by the prosecutor, and later admitted the falsity of those representations during her subsequent testimony at the codefendants' trial.

Assuming the facts alleged in the claim are true for the purposes of this motion, we find that a cause of action is stated under the statute (Court of Claims Act § 8-b [4]; *see also,* Report of the Law Revision Commn To the Governor On Redress For Innocent Persons Unjustly Convicted And Subsequently Imprisoned, 1984 Report of NY Law Revision Commn, 1984 McKinney's Session Laws of NY, at 2899-2934). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.