■ GREGORY REED, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 71650.)—In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the defendant State of New York appeals from an order of the Court of Claims (Amann, J.), dated January 7, 1986, which, *inter alia,* denied its motion to dismiss the claim pursuant to CPLR 3211 (a) (7), for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements, and the defendant's time to answer is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

By judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 8, 1980, the claimant Gregory Reed and two codefendants, Jerry Foster and Fred Foster, were convicted of murder in the second degree, upon a jury verdict. Mr. Reed was sentenced to an indeterminate term of imprisonment of from 15 years to life *(People v Reed,* 100 AD2d 200, *mod* 64 NY2d 1144, *cert denied sub nom. Foster v New York,* 474 US 857). Mr. Reed's judgment of conviction was affirmed by this court in March 1984 *(People v Reed, supra).* However,

on further appeal of his conviction to the Court of Appeals, the judgment was reversed and the indictment dismissed on the ground that: "Defendant's guilt 'cannot be established beyond a reasonable doubt by the testimony of such a [sole] witness, who is, evidently, either from moral or mental defects, irresponsible' " *(People v Foster,* 64 NY2d 1144, 1147-1148, quoting from *People v Ledwon,* 153 NY 10, 22).

In discussing the insufficiency of the prosecution's evidence against Mr. Reed, the Court of Appeals noted that his testimony at trial concerning his alibi defense was consistent with his prior statements to the police, those of the codefendants who had made statements that Reed was not present when the victim was stabbed, and the testimony of one eyewitness that none of the three codefendants was involved in the crime *(People v Foster, supra,* at 1147). The Court of Appeals also further noted that the only witness to connect Mr. Reed to the murder admitted that he had been drinking and smoking marihuana prior to the incident, and described his trial testimony as to the details of the incident as "all 'involved in "hopeless contradictions" ' *(People v Ledwon,* 153 NY 10, 21)" *(People v Foster, supra,* at 1147).

Thereafter, in October 1985 Mr. Reed filed the instant claim against the State pursuant to Court of Claims Act § 8-b. Attached to his claim were a copy of the reported decision of the Court of Appeals reversing his judgment of conviction and dismissing the indictment, and copy of the certificate of disposition of the Supreme Court, Kings County, concerning his conviction and sentencing. Among the allegations in the claim sworn to by Mr. Reed was that he had "no role whatsoever" in the murder for which he was convicted, that he was painting his mother's apartment at the time the crime was committed, and he "did not by his own conduct cause or bring about his conviction".

On this appeal the State contends, *inter alia,* that the claim should have been dismissed because it did not comply with the pleading requirements of Court of Claims Act § 8-b, and that it was based upon conclusory allegations that did not satisfy Court of Claims Act § 8-b (3), (4) which provides:

"3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:

"(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

"(b) (i) he has been pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds for the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item (A) hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statute or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and

"(c) his claim is not time-barred by the provisions of subdivision seven of this section.

"4. The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction. The claim shall be verified by the claimant. If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state".

Contrary to the State's assertions, we find that the subject claim complies with the pleading requirements of Court of Claims Act § 8-b and that the Court of Claims properly denied the State's motion to dismiss the claim. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.