Ronald W. Fudger, Appellant, v State of New York, Respondent.

Third Department, October 29, 1987

APPEARANCES OF COUNSEL

*Robert J. Krzys* for appellant.

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

Claimant was indicted in 1975 on a charge of arson in the third degree stemming from an August 14, 1975 fire in the Town of Charleston, Montgomery County. Thereafter, a jury returned a partial verdict acquitting him on that charge, but was unable to agree on the lesser included offense of arson in the fourth degree which the trial court submitted in the alternative *(People v Fudger,* 73 AD2d 1020, 1021). Despite counsel's objection, the matter was retried on the original indictment and claimant was convicted on the lesser included arson charge in July 1977 *(supra).* He was sentenced to a term of 2 to 4 years' imprisonment, to run consecutively with an identical term imposed on a 1976 conviction for criminal

possession of stolen property *(People v Fudger,* 81 AD2d 729). This court subsequently reversed the arson conviction and dismissed the indictment on the premise that a retrial on the original indictment constituted double jeopardy *(People v Fudger,* 73 AD2d 1020, *supra; see, People v Mayo,* 48 NY2d 245). Further prosecution on the arson charge was not pursued. In the interim, claimant pleaded guilty to a separate charge of burglary in the third degree and was sentenced to a term of 2 to 4 years' imprisonment, consecutive to the 1976 stolen · property conviction but concurrent with the arson sentence *(People v Fudger,* 81 AD2d 729, *supra).*

On December 3, 1985, claimant commenced the instant claim to recover damages under the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b [L 1984, ch 1009]), which authorizes a person wrongly convicted of a crime and imprisoned to recover damages against the State *(see, Lanza v State of New York,* 130 AD2d 872). The State moved to dismiss the claim for failure to state a cause of action (CPLR 3211 [a] [7]), contending that the arson conviction was not reversed on any of the grounds enumerated in Court of Claims Act § 8-b (3), and that the claim lacked sufficient allegations of fact to establish claimant's innocence (Court of Claims Act § 8-b [4]). The Court of Claims granted the motion, finding that the claim failed to meet either of these statutory prerequisites. This appeal ensued.

■ In *Lanza v State of New York (supra,* at 872-873), this court recently summarized the presentation requirements of a claim pursuant to Court of Claims Act § 8-b, as follows: "In making a claim under this statute * * * a claimant must establish by documentary evidence the facts of his criminal conviction * * * and that * * * his conviction was reversed or vacated and the accusatory instrument dismissed on one of several enumerated grounds (Court of Claims Act § 8-b [3]). Further the claim must state in sufficient detail facts permitting the court to find that the claimant is likely to succeed at trial in proving that he did not commit any of the acts charged in the accusatory instrument or that the acts did not constitute criminal conduct, and that the claimant did not, through his own conduct, contribute to his conviction (Court of Claims Act § 8-b [4]). At trial, the claimant is required to prove all these elements by clear and convincing evidence (Court of Claims Act § 8-b [5])." Insofar as the State maintains that claimant failed to properly document his claim, we observe that no such objection was asserted in the motion to

dismiss and thus the challenge was waived *(see, supra,* at 873; *see, Mary Reed v State of New York,* 133 AD2d 107). In any event, the facts underlying the reversal of claimant's conviction and imprisonment are confirmed in the previous decisions of this court, which are appended to the State's moving affidavit.

■ To establish his claim, claimant was required to document that the indictment was reversed on one of the limited grounds specified in Court of Claims Act § 8-b (3) (b). In his pleadings, claimant appears to rely on Court of Claims Act § 8-b (3) (b) (ii) (D) as a predicate for his claim, but this provision does not apply, for nowhere is it asserted that Penal Law §§ 150.05 and 150.10, the provisions under which claimant was indicted and convicted, are unconstitutional. Claimant's brief further specifies that since he was convicted in the absence of a viable accusatory instrument, the indictment was dismissed for lack of jurisdiction *(see,* CPL 440.10 [1] [a]; Court of Claims Act § 8-b [3] [b] [ii] [A]). We fully recognize that a double jeopardy claim implicates the very jurisdiction of a court *(People v Mayo, supra,* at 252) and thus would appear to satisfy the statutory predicate. However, in defining the statutory coverage, the Legislature notably excluded a dismissal premised on CPL 440.10 (1) (h), which pertains where "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States" *(see,* Court of Claims Act § 8-b [3] [b] [ii] [A]).

■ Double jeopardy unquestionably violates both the State and Federal Constitutions (NY Const, art I, § 6; US Const 5th Amend; *see, People v Michael,* 48 NY2d 1, 5). A question is thus raised as to whether a double jeopardy claim is jurisdictional within the scope of Court of Claims Act § 8-b or falls within the exclusion for constitutional violations. Although the question is admittedly close *(see, People v Massey,* 112 AD2d 731), we believe that the Legislature intended to exclude such claims from coverage. This exclusion reflects the observation of the Law Revision Commission that certain reversals, such as ones premised on double jeopardy grounds, have nothing to do with the accused's innocence (Report of NY Law Rev Commn, 1984 McKinney's Session Laws of NY, at 2928-2929). Since the very essence of a claim under Court of Claims Act § 8-b is the innocence of the accused *(see,* Report of NY Law Rev Commn, 1984 McKinney's Session Laws of NY, at 2930), it would prove inconsistent to allow recovery where a reversal is premised on double jeopardy grounds. Conse-

quently, we agree that claimant failed to establish a basis for his claim within the limited scope of Court of Claims Act § 8-b (3) (b) (ii).

■ We further agree that claimant failed to factually demonstrate a likelihood of success at trial in proving his innocence *(see,* Court of Claims Act § 8-b [4]). Claimant's premise that a showing of innocence is unnecessary where a conviction is reversed on jurisdictional grounds is unfounded and ignores the clear language of Court of Claims Act § 8-b, which mandates a showing of innocence for every claim. Nor does the presumption of innocence apply, for in this civil proceeding, the Legislature has specifically imposed the burden on claimant to prove his innocence by clear and convincing evidence *(see, Mary Reed v State of New York, supra,* at 111). A review of the claim discloses only a conclusory assertion of innocence. In his affidavit in opposition to the State's motion to dismiss, claimant added that his sworn statement, in which he admitted starting the fire, was coerced by the police and that he presented an alibi defense at trial. In essence, claimant has simply rehashed the trial evidence. This legislation, however, was not designed to afford an accused a further opportunity to retry his case before the Court of Claims (Report of NY Law Rev Commn, 1984 McKinney's Session Laws of NY, at 2927). Considering the submissions made in light of claimant's sworn statement and the fact that he was actually convicted at trial, we find, even at this stage of the proceeding, that the Court of Claims properly dismissed the claim as factually insufficient *(see, Stewart v State of New York,* 133 AD2d 112; *compare, Lanza v State of New York, supra; Grimaldi v State of New York,* 133 AD2d 97; *Gregory Reed v State of New York,* 133 AD2d 105).

■ Finally, we observe that claimant is not entitled to redress under Court of Claims Act § 8-b since he remained imprisoned on the separate burglary charge after the reversal of his arson conviction *(People v Fudger,* 81 AD2d 729, *supra).* Because this statute creates a new cause of action, it must be strictly construed *(Montalto v Westchester St. Transp. Co.,* 102 AD2d 816, 818). By its terms, the statute provides a remedy for an innocent person wrongly convicted and imprisoned (Court of Claims Act § 8-b [1]; *see, Abney v State of New York,* 135 Misc 2d 409, 411). Thus, a necessary element of this claim is to establish injury as a result of imprisonment. Mere damage to reputation does not suffice (Report of NY Law Rev

Commn, 1984 McKinney's Session Laws of NY, at 2903, n 1). The fact that claimant remained incarcerated on a separate, unrelated conviction vitiates any claim of damage attributable to the arson conviction.

CASEY, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.