OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant Leonard Mott was arrested and three days later charged by indictment dated November 22, 1977, with the crime of conspiracy in the first degree. On July 17, 1978, after a trial by jury, claimant was convicted of conspiracy in the *917 first degree, a class B felony, and on October 24, 1978, was sentenced by the Trial Judge to a term of imprisonment, as a second felony offender, with a minimum of 10 years and a maximum of 20 years.
Years later, on July 11, 1983, the Appellate Division, Fourth Department, reversed the guilty judgment on the law and granted a new trial (People v Mott, 94 AD2d 415). They found a deliberate and pervasive pattern of prosecutorial misconduct, so egregious that not one shred of evidence existed supporting the prosecutor’s theory, and that even with the gross prosecutorial improprieties committed there was no strong proof of claimant Mott’s guilt.
On July 28, 1983, after 5 years and 8 months of incarceration, claimant was released on bail. No appeal of the order of the Appellate Division was made, nor was the case resubmitted for a new criminal trial. Finally, on July 17, 1984, another Judge granted the defendant’s motion to dismiss the indictment for legal insufficiency without prejudice to the People to resubmit. The record does not show any such resubmission. Claimant then timely filed the instant claim under the Unjust Conviction and Imprisonment Act of 1984.
The State moves to dismiss the claim on the grounds that the claimant fails to meet the jurisdictional requirements of Court of Claims Act § 8-b (3) (b) (ii), by failing to provide documentary evidence of reversal of his conviction and that the dismissal of the indictment was not upon grounds enumerated within the statute. Further, the State contends that claimant has failed to meet the pleading threshold of allowing the court to find that he is likely to succeed at trial (Court of Claims Act § 8-b [4]) in proving his claim by clear and convincing evidence and that he did not by his own conduct cause or bring about his own conviction (Court of Claims Act § 8-b [5]).
In examining the State’s contentions, I find that the statute does not require that documentary evidence supporting the claimant’s claim of innocence be submitted at the pleading stage (see, Lanza v State of New York, 130 AD2d 872, 873). Regardless, a portion of the criminal trial transcript containing claimant Mott’s testimony has been presented to the court, as well as other related documents, all of which are minimally sufficient to bring this matter to trial where claimant will attempt to carry the burden of persuasion by the statutory standard of clear and convincing evidence (Court of Claims Act § 8-b [5]; see also, Dozier v State of New York, 134 AD2d 759 [3d Dept, Nov. 19, 1987]).
*918 The State urges that claimant’s testimony at the criminal trial shows that he is unlikely to succeed here because his own conduct caused or brought about his conviction. The mere act of testifying at his criminal trial should not be used against claimant (cf., Lanza v State of New York, supra, at 874), nor is it a cited example of misconduct contributing to a conviction (see, 1984 Report of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2932). Additionally, defendant’s specific reference to claimant’s trial testimony, allegedly demonstrating culpable conduct by claimant that caused or brought about his conviction, are not facially persuasive.
Furthermore, claimant here has offered far more than the mere conclusory assertion of innocence (cf., Fudger v State of New York, 131 AD2d 136, 140), affirmatively setting forth in the pleadings and, subject to later judicial scrutiny, the bases of physical and testimonial evidence which will allegedly prove his innocence, and I accept his self-serving factual allegations as true for the purpose of determining whether there is a likelihood of success at trial (Fudger v State of New York, supra; Grimaldi v State of New York, 133 AD2d 97).
I further find that, contrary to the defendant’s assertions, the dismissal by the County Court satisfied the jurisdictional requirement of Court of Claims Act § 8-b (3) (b) (ii). Specifically, I find the original judgment was reversed because, inter alia, of prejudice to the defendant which deprived him of a fair trial (People v Mott, 94 AD2d 415, 421, supra; CPL 470.20 [1]), and because the judgment was procured by prosecutorial misrepresentation, including efforts to put matter not in evidence before the jury, the use of a transcript which had been ruled inadmissible, the misstatement and distortion of testimony, and on the basis of extraneous ideas (to wit, beyond the evidence educed at trial) implanted by the prosecutor (People v Mott, supra, at 416-418; CPL 440.10 [1] [b]).
Of course, claimant has the statutorily and prudently imposed burden at trial of proving his innocence by clear and convincing evidence. Specifically, claimant must there prove that he did not commit any of the acts charged in the indictment (Court of Claims Act § 8-b [5] [c]), but he is not required to prove his innocence of other acts, unless they caused or brought about his conviction, a matter that can be resolved at trial. At that time, the State may be able to show how claimant’s conceded foreknowledge of, but alleged non-participation in, the conspiracy to commit murder contributed to his conviction. On the other hand, as claimant’s counsel *919 allows, the Penal Law does not obligate individuals to report all planned criminal activity.
While I do not condone his unsavory behavior, a judicial assessment of morality is beyond my province. Claimant’s conduct, while not criminal, merely reinforces the notion that we do not live in a society of angels. We do, however, live in a society of laws, and claimant here, in my judgment, has met the pleading prerequisites of the Unjust Conviction and Imprisonment Act of 1984, and should be allowed to proceed to trial. Accordingly, the State’s motion to dismiss is denied.