*see also, Montes v State of New York,* 94 Misc 2d 972, 978). (Appeal from order of Court of Claims, NeMoyer, J.—discovery.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ J. L. IVEY, JR., Respondent, v STATE OF NEW YORK, Respondent, and ERIE COUNTY DISTRICT ATTORNEY, Appellant. (Claim No. 70708.) (Appeal No. 2.)—Appeal unanimously dismissed as moot *(see, mem in Ivey v State of New York* [appeal No. 1], 138 AD2d 962 [decided herewith]). (Appeal from order of Court of Claims, NeMoyer, J.—discovery.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ J. L. IVEY, JR., Respondent, v STATE OF NEW YORK, Respondent and ERIE COUNTY DISTRICT ATTORNEY, Appellant. (Claim No. 70708.) (Appeal No. 3.)—Order unanimously affirmed without costs. Memorandum: The Court of Claims properly denied defendant's motion to dismiss the claim herein on the grounds that (1) claimant's conviction was not reversed on one of the limited grounds set forth in the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b) and (2) the claim does not comply with statutory pleading requirements. It is not necessary that claimant's conviction has been reversed on one of the grounds specifically enumerated in section 8-b (3) (b) (ii) of the Court of Claims Act where, as here, there was a retrial and an acquittal *(Ferrer v State of New York,* 136 Misc 2d 218, *affd* 136 AD2d 487). With respect to the pleading requirements, copies of this court's memorandum decision reversing claimant's conviction and ordering a new trial *(People v Ivey,* 83 AD2d 788) as well as the minutes of the retrial showing his acquittal are attached to the claim. It therefore sufficiently complies with the pleading requirements of Court of Claims Act § 8-b (4) *(see, Grimaldi v State of New York,* 133 AD2d 97; *Reed v State of New York,* 133 AD2d 105; *Lanza v State of New York,* 130 AD2d 872, 873-874). (Appeal from order of Court of Claims, NeMoyer, J.—discovery.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. COLEMAN, Appellant.—Order unanimously reversed on the law, defendant's motion pursuant to CPL article 440 granted, consecutive sentence vacated and concurrent sentence imposed, in accordance with the following memorandum: Defendant pleaded guilty to two counts of criminally negligent homicide (Penal Law § 125.10) and one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [2])