■ DAVID DICKAN, Appellant, v STATE OF NEW YORK, Respondent. [751 NYS2d 370] —Order, Court of Claims of the State of New York (S. Michael Nadel, J.), entered July 25, 2001, which, upon renewal, granted defendant's motion to dismiss claimant's claim for unjust conviction and imprisonment, unanimously affirmed, without costs.

Claimant's motion to vacate his underlying conviction, together with the transcript of the hearing in which the Supreme Court granted the motion, clearly establish that the vacatur was based on CPL 440.10 (1) (d) and/or (h), in that the police unlawfully seized cocaine from defendant's person. Since those paragraphs of CPL 440.10 (1) are not enumerated in Court of Claims Act § 8-b (3) (b) (ii), the Court of Claims properly dismissed the claim (*see Forest v State of New York*, 150 AD2d 214, *lv denied* 74 NY2d 610; *Fudger v State of New York*, 131 AD2d 136, 139-140, *lv denied* 70 NY2d 616).

In any event, dismissal of the claim would also have been proper under Court of Claims Act § 8-b (4) because it is "not likely" that claimant would succeed at trial (*see Piccarreto v State of New York*, 144 AD2d 920; *Heiss v State of New York*, 143 AD2d 67, 68-69). Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD SIMMONS, Appellant. [751 NYS2d 364] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered July 22, 1999, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Defendant's claim that the court should have issued a missing witness charge with respect to a correction officer is similar to a claim rejected by this Court on the codefendant's appeal (*People v Busanet*, 293 AD2d 385, *lv denied* 98 NY2d 695), and there is no basis for reaching a different result in this case.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.