This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 174
The People &c.,
          Respondent,
      v.
Julio Negron,
          Appellant.




          Joel B. Rudin, for appellant.
          William H. Branigan, for respondent.




LIPPMAN, Chief Judge:

          Defendant has moved to vacate his conviction under CPL
440.10, based upon claims that he received ineffective assistance
of counsel at trial and that the People failed to disclose
evidence that would have supported a third-party culpability
defense.  We conclude that defendant's conviction should be

vacated and a new trial ordered.

Defendant was identified as the man who shot another individual in the leg after a brief argument on Woodward Avenue in Queens, but the identification evidence was hardly overwhelming. The episode occurred at about 4:00 a.m. on February 6, 2005, after an apparent "road rage" incident. In addition to the victim and his passenger, there were three other witnesses who were sitting in a parked car on the street -- all of whom left the scene immediately after the shooting. The witnesses returned to the scene shortly thereafter to speak with police and related that the shooter had entered a particular apartment building located on Woodward Avenue. One witness described defendant as having facial hair. They also identified a 1999 Chevrolet Monte Carlo as having been driven by the perpetrator. The hood of the Monte Carlo was still warm to the touch when the police arrived. The police ascertained that the vehicle belonged to defendant, who resided in the apartment building to which the perpetrator had retreated.

Later that morning, defendant told detectives that he had driven his car the previous evening, that he was the only one who drove it and that he had returned home at about 2:00 a.m. He agreed to accompany the police to the precinct and consented to searches of his apartment and his vehicle. No evidence was found that linked him to the shooting.

None of the witnesses, save the victim, was able to

identify defendant as the perpetrator.[1]  Indeed, two of the witnesses identified fillers from the lineups they viewed -- one selecting an individual with facial hair -- and a third witness, who viewed defendant at a precinct showup, stated that defendant was not the shooter.

Prior to the close of the People's case, defense counsel sought to introduce evidence that a third party, Fernando Caban, had committed the shooting.  Defense counsel represented that Caban closely matched the description of defendant, lived in the same building and was arrested the day after the incident for weapons possession.  The People objected, disputing that there was any close resemblance between the two other than a shared ethnicity, and maintaining that it was irrelevant that Caban had been arrested the next day for possession of weapons which had not been used to commit this offense and which had been found on the roof of an adjacent building.  The court rejected defendant's application, stating "[t]he case law is clear.  You have to show a clear link between this person and the crime in question.  You haven't shown that."  No party objected to the court's use of the "clear link" standard.

Defendant testified in his own defense and stated that he had been clean-shaven at the time of the offense.  The People

---

[1] The victim identified defendant at a lineup that was later suppressed as suggestive.  After an independent source hearing, the victim was, however, permitted to identify defendant in court.

then introduced defendant's driver's license photograph, which depicted him with a moustache and a goatee.  However, defendant testified (without rebuttal) that the photograph had been taken eight years earlier.

Defendant was convicted of attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second and third degrees.  His conviction was affirmed on direct appeal (41 AD3d 865 [2d Dept 2007]) and a Judge of this Court denied his application for leave to appeal (9 NY3d 924 [2007]).

In December 2008, defendant made a pro se motion to vacate his judgment of conviction pursuant to CPL 440.10.  In support of the motion, he raised several arguments, including that the prosecution had committed a violation of its obligations under Brady v Maryland (373 US 83 [1963]) by failing to disclose "that another man, Caban, was arrested in the building where all the witnesses say the perpetrator ran, with the weapon used in the shooting," and that he had received ineffective assistance of counsel because his trial attorney failed to call or interview certain witnesses who would have testified that defendant did not have facial hair at the time of the offense.  Defendant included letters from 11 witnesses stating that defendant had been clean-shaven.

Supreme Court denied the motion without a hearing.  The court deemed defendant's ineffective assistance claim meritless,

stating that defendant had failed to demonstrate prejudice.  In addition, the court rejected defendant's Brady claim, observing that there had been an on-the-record discussion relating to Caban at defendant's trial.  Defendant moved multiple times pursuant to CPLR 2221 for reargument and renewal, but the court never rendered a decision on the motions.

Defendant then received a response to a prior FOIL request which included an affirmation in opposition to Caban's motion to dismiss his indictment, from the same trial assistant who had prosecuted defendant's case.  The document provided additional information about the circumstances of Caban's arrest, including that Caban's attempt to discard the weapons on the roof of a neighboring building had coincided with the arrival of the police to execute the search warrant on defendant's apartment and that Caban had been in possession of .45 caliber ammunition.[2]

Defendant, now represented by counsel, made the instant motion pursuant to CPL 440.10 and CPLR 2221, to vacate his conviction in April 2012.[3]  He argued that the People had violated their Brady obligations by failing to disclose the information about the circumstances of Caban's arrest and his

_____

[2] This information was also submitted to Supreme Court in one of defendant's renewal motions that the court failed to decide.

[3] Counsel represented that the evidence upon which the motion was based had not been available to pro se defendant at the time he made the 2008 motion.

possession of the .45 caliber ammunition, while actively misleading the court as to the potential merit of defendant's third-party culpability defense.  Defendant also argued that his trial counsel had been ineffective for failing to make even minimal investigation into the facts or law in support of the third-party culpability defense and for failing to investigate and introduce evidence that defendant did not match the description of the shooter.  In particular, defendant asserted that counsel was ineffective in failing to object to the court's use of the previously overruled "clear link" standard in rejecting his third-party culpability defense.

In support of the motion, defendant submitted an affidavit from his trial counsel who stated that, at the time of trial, he had known that Caban had been arrested and charged with possession of weapons and ammunition that had been found on the roof of a nearby building.  Trial counsel represented, however, that he had not known that Caban had attempted to get rid of the contraband in response to the police arriving to execute the search warrant or that Caban had been in possession of .45 caliber ammunition.  Counsel further affirmed that he did not object to the court's use of the "clear link" standard in rejecting the third-party culpability defense because he was unaware that the standard had been overruled several years earlier -- stating, "I did not research this issue at all.  I have no explanation or excuse for this failure."  Trial counsel

further represented that he had no strategic reason for failing to make use of photographs and potential witnesses that would have established that defendant had no facial hair at the time of the crime.

The court denied the motion without a hearing. The court concluded that the People had not suppressed Brady evidence because the information about the ammunition was neither material nor exculpatory. In addition, despite the People's representation that they had not turned over the information about the ammunition, the court stated that it had found in its own file a reference to the .45 caliber ammunition in the Rosario materials the People had turned over to the defense. The court also concluded that, despite its use of the "clear link" language, it had actually conducted the proper general balancing analysis and it adhered to the determination that evidence of Caban's arrest was not sufficiently probative to outweigh the potential for undue prejudice or jury confusion. Finally, the court rejected defendant's ineffective assistance argument in its entirety.

The Appellate Division affirmed, holding that defendant failed to establish that he had received ineffective assistance of counsel under either the federal or state standards (112 AD3d 741 [2d Dept 2013]). The Court also determined that undisclosed material about Caban was not exculpatory and that "there is no reasonable probability that the failure to disclose the materials

contributed to the verdict" (112 AD3d at 744).  A Judge of this Court granted defendant leave to appeal and we now reverse.

Defendant maintains that he received ineffective assistance of counsel because his trial attorney failed to object to the court's use of the incorrect standard when evaluating his request to offer third-party culpability evidence.[4]  Prior to being overruled by this Court in People v Primo, the "clear link" standard had required the defendant to "do more than raise a mere suspicion that another person committed the crime," that is, to show "a clear link between the third party and the crime in question" (96 NY2d 351, 355 [2001] [internal quotation marks and citations omitted]).  Instead, we determined that third-party culpability evidence should be evaluated in accordance with ordinary evidentiary principles -- by balancing probative value against the potential for "undue prejudice, delay and confusion" (see 96 NY2d at 356).

Here, there is no evidence, in the form of a ballistics report or otherwise, establishing that Caban actually committed the shooting.  However, Caban did bear a general resemblance to the description of the perpetrator, lived in the same building

---

[4] Defendant also asserts that counsel was ineffective for failing to investigate his misidentification defense or to present evidence that he did not resemble the description of the perpetrator as having facial hair.  However, we do not address the merits of this portion of his claim, as it was raised and rejected in defendant's original CPL 440.10 motion (see CPL 440.10 [3][b]; CPLR 2221 [e]).

and was arrested in close proximity to the time of the offense for possessing weapons and ammunition (including the type of ammunition used in the shooting) under circumstances evincing a consciousness of guilt. This evidence cannot be classified as "[r]emote" or "disconnected" from the crime at issue (compare People v Schulz, 4 NY3d 521, 529 [2005]).

Although the motion court concluded, in retrospect, that it had applied the proper balancing test, the face of the record simply does not support that conclusion. Had the court conducted the proper analysis, a determination that the third-party culpability evidence was admissible would have been permissible. More importantly, trial counsel provided an affidavit stating that he had done no research on third-party culpability, was unaware of the correct legal standard and had no excuse or strategic explanation for the lapse in representation. Under these circumstances, defendant did not receive meaningful representation and his right to a fair trial was compromised (see People v Oliveras, 21 NY3d 339, 348 [2013]).

Relatedly, defendant argues that the People failed to turn over Brady evidence that would have been supportive of his third-party culpability defense -- in particular, information concerning the circumstances of Caban's arrest and his possession of .45 caliber ammunition.[5] The trial assistant (who was also

---

[5] We are not bound by the motion court's finding, even though affirmed by the Appellate Division, that the People actually had turned over evidence that Caban was arrested in

prosecuting Caban and was quite familiar with the circumstances
of his arrest) in addressing defendant's third-party culpability
application characterized Caban's arrest as "irrelevant" and his
connection with the shooting as "tenuous at best."  The
prosecutor also attempted to portray defendant's application as a
mere attempt to pin the crime on another individual who lived in
the same building and happened to be of the same ethnicity, all
while aware that defense counsel was not fully familiar with the
relevant information surrounding Caban's arrest.

Under Brady, "the prosecution's failure to disclose to
the defense evidence in its possession both favorable and
material to the defense entitles the defendant to a new trial"
(People v Vilardi, 76 NY2d 67, 73 [1990]).  "[W]here a defendant
makes a specific request for a document, the materiality element
is established provided there exists a reasonable possibility
that it would have changed the result of the proceedings" (People
v Garrett, 23 NY3d 878, 891-892 [2014] [quotation marks and
citations omitted]).

Here, where the evidence against defendant was far from
overwhelming, there is a reasonable possibility that the verdict
would have been different if the information about Caban had been
disclosed.  There was no physical evidence tying defendant to the

possession of .45 caliber ammunition (compare People v McBride,
14 NY3d 440, 446 [2010]).  There is no support in the record for
that determination and the People concede that they have no
record of ever providing the defense with such evidence.

shooting and only one out of the five eyewitnesses identified defendant as the perpetrator. The evidence of Caban's .45 caliber ammunition was plainly favorable to the defense. In other words, this information "would have added a little more doubt to the jury's view of the" evidence and it is reasonably possible "that a little more doubt would have been enough" (People v Hunter, 11 NY3d 1, 6 [2008]).

Under the circumstances presented, it cannot be said that defendant received a fair trial and it was error to deny the application to vacate his judgment of conviction. On this record, a new trial is required.

Accordingly, the order of the Appellate Division should be reversed, defendant's motion pursuant to CPL 440.10 granted, defendant's judgment of conviction and sentence vacated and a new trial ordered.

People v Julio Negron

No. 174


PIGOTT, J.(dissenting in part):

Defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on two grounds. First, he claimed he was denied the effective assistance of counsel, because, among other things, his attorney did not object to the trial court's use of an incorrect standard in deciding whether to allow in evidence the weapon possession arrest of defendant's neighbor.

Second, defendant claimed that the People failed to turn over certain Brady material that pertained to the neighbor's arrest. While I agree with the majority that the courts below erred in denying defendant's motion on the papers without a hearing, I disagree that defendant is entitled to a new trial. Rather, questions of fact remain on the issues and thus, I would remit to Supreme Court for a hearing (see generally People v Caldavado, __ NY3d __ [decided November]).

In support of his ineffective assistance of counsel claim, defendant provided an affidavit from his trial counsel stating that he had done no research on third-party culpability, was unaware of the correct legal standard and had no excuse or strategic explanation for his failure to object. While this affidavit supports defendant's position, it is not necessarily

- 1 -

determinative of the issue since its claims have not been subject to further inquiry or cross-examination.  Therefore, the hearing court should determine, considering all of the circumstances surrounding this case, whether counsel's failure was so prejudicial to defendant's case as to deprive him of meaningful representation.

The second basis for defendant's motion pertains to the alleged failure by the People to turn over Brady material. Notably, the courts below concluded that the material at issue was, in fact, turned over to defense counsel.  While, as the majority recognizes, we are not bound by that determination, it raises another question of fact that should be resolved in a hearing.  Assuming that issue is resolved in defendant's favor, the issue then of whether there is a reasonable possibility that the verdict would have been different if the Brady information was turned over, would be another inquiry for the hearing court (see People v Vilardi, 76 NY2d 67, 73 [1990]).  For these reasons, I dissent.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and defendant's motion pursuant to CPL 440.10 granted, defendant's judgment of conviction and sentence vacated and a new trial ordered.  Opinion by Chief Judge Lippman.  Judges Rivera, Stein and Fahey concur.  Judge Pigott dissents in part in an opinion in which Judge Abdus-Salaam concurs.

Decided November 23, 2015