Greene v State of New York (2020 NY Slip Op 05811)





Greene v State of New York


2020 NY Slip Op 05811


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Claim No. 115571 Appeal No. 12097N Case No. 2019-05251 

[*1]Cy Greene, Claimant-Appellant,
v
The State of New York, Defendant-Respondent.


Law Office of John F. Schutty, P.C., New York (John F. Schutty of counsel), for appellant.
Letitia James, Attorney General, New York (Linda Fang of counsel), for respondent.



Order, Court of Claims of the State of New York (Faviola A. Soto, J.), entered November 22, 2019, which granted respondent State of New York's cross motion to dismiss the claim alleging unjust conviction (Court of Claims Act § 8-b), and denied claimant's motions to amend and for discovery, unanimously affirmed, without costs.
Claimant's conviction of murder in the second degree and robbery in the first degree was vacated based on ineffective assistance of counsel (see 37 AD3d 615 [2d Dept 2007], lv denied 8 NY3d 985 [2007]). Because paragraph (h) of CPL 440.10(1) is not enumerated in Court of Claims Act § 8-b (3)(b)(ii), the Court of Claims properly dismissed the claim (see Baba-Ali v State of New York, 19 NY3d 627, 633 n 5 [2012]; Dickan v State of New York, 300 AD2d 257 [1st Dept 2002]; Manes v State of New York, 182 AD3d 1012 [4th Dept 2020]). The statute looks solely to the actual basis for vacatur of the underlying criminal judgment, not to alternative potential grounds for vacatur (Jeanty v State of New York,175 AD3d 1073, 1075 [4th Dept 2019], lv denied 34 NY3d 912 [2020]). Accordingly, where, as here, the judgment is vacated only on a nonenumerated ground, CPL 440.10(1)(h), there is no basis to consider whether vacatur might have been warranted on an enumerated ground.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020