People v Rodriguez (2022 NY Slip Op 07456)

People v Rodriguez

2022 NY Slip Op 07456

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-04342
 (Ind. No. 212/12)

[*1]The People of the State of New York, appellant,
v
Alexis Rodriguez, respondent.

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for appellant.
Patricia Pazner, New York, NY (Anna Kou of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Richmond County (William E. Garnett, J.), dated May 24, 2021, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert J. Collini, J.) rendered May 14, 2014, convicting him of attempted rape in the first degree, attempted kidnaping in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and directed a new trial.
ORDERED that the order is affirmed.
Contrary to the People's contention, the Supreme Court did not improvidently exercise its discretion in calling its own witness at the hearing over the People's objection. The court adhered to the protocol set forth in People v Arnold (98 NY2d 63), explaining why it needed to call an expert and inviting comment from the parties (see id. at 68). In this regard, the court explained that it needed to be educated and needed help in understanding the complex DNA evidence, invited both parties to rank experts from the County Law article 18-B roster, and chose the expert that both parties ranked as number one. Both parties were given an opportunity to cross-examine the expert, and, while the court asked clarifying questions, it did not assume an advocacy role (see People v Nurse, 8 AD3d 301; see also People v Ojeda, 118 AD3d 919).
Contrary to the People's further contention, the defendant established at the hearing that his trial counsel, without a strategic or other legitimate reason, failed to consult with a DNA expert to scrutinize the voluminous and complex scientific documents making up the DNA evidence in order to challenge that evidence (see People v Caldavado, 26 NY3d 1034; People v Negron, 26 NY3d 262; People v Oliveras, 21 NY3d 339; People v Davis, 193 AD3d 967). Accordingly, the Supreme Court properly determined that the defendant was denied the effective assistance of counsel, granted the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, and directed a new trial.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court