Cooper v State of New York (2025 NY Slip Op 01351)

Cooper v State of New York

2025 NY Slip Op 01351

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00634

[*1]Emmanuel Cooper, appellant,
v
State of New York, respondent. (Claim No. 135852)

Law Offices of Thomas Hoffman, P.C., Yonkers, NY (Jonathan Hiles of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Mark S. Grube and Kwame N. Akosah of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated November 10, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim is denied.
In January 2021, the claimant commenced this claim against the State of New York to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b arising out of the vacatur of a judgment convicting him of murder in the second degree and the dismissal of the indictment. The State moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim for lack of subject matter jurisdiction and failure to state a cause of action. The claimant opposed. In an order dated November 10, 2022, the Court of Claims granted the State's motion and directed dismissal of the claim. The claimant appeals. We reverse.
"The Legislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the [S]tate where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Long v State of New York, 7 NY3d 269, 273). To recover under Court of Claims Act § 8-b in the absence of a pardon upon the ground of innocence, a judgment of conviction must have been reversed or vacated and the accusatory instrument dismissed on one or more statutorily enumerated grounds (see Court of Claims Act § 8-b[3][b][ii]; Harris v State of New York, 38 AD3d 144, 149-150).
Although "the Court of Claims Act § 8-b(3)(b) requires [a] claimant to demonstrate that the vacatur of his [or her or their] conviction was based upon at least one of certain enumerated statutory grounds (e.g. CPL 440.10[1][a], [b], [c], [e], or [g])" (Turner v State of New York, 50 AD3d 890, 892; see Greene v State of New York, 187 AD3d 539, 539-540), where the vacatur order fails to specify a CPL 440.10(1) subdivision, a party may submit extrinsic evidence of the court's "actual basis" for vacating the judgment of conviction (Jeanty v State of New York, 175 AD3d 1073, 1075).
Contrary to the State's contention that the claimant's judgment of conviction was not vacated under a ground enumerated by Court of Claims Act § 8-b(3)(b)(ii), for the purposes of the motion to dismiss pursuant to CPLR 3211(a), assuming the facts alleged in the claim as true (see Reed v State of New York, 133 AD2d 105, 106; Grimaldi v State of New York, 133 AD2d 97, 100), the claimant stated a cause of action pursuant to Court of Claims Act § 8-b(3)(b)(ii).
Accordingly, since the claim stated a cause of action under Court of Claims Act § 8-b, the State's motion pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim for lack of subject matter jurisdiction and failure to state a cause of action should have been denied (see Grimaldi v State of New York, 133 AD2d at 100).
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court