Negron v State of New York (2025 NY Slip Op 07311)

Negron v State of New York

2025 NY Slip Op 07311

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05132

[*1]Julio Negron, appellant,
v
State of New York, respondent. (Claim No. 130899)

Law Offices of Joel B. Rudin, P.C., New York, NY (David Rudin of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated June 22, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended claim.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended claim is denied.
In January 2018, the claimant commenced this claim against the State of New York (hereinafter the defendant) to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b arising out of the vacatur of a judgment convicting him of attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second and third degrees. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended claim on the ground that the claim failed to state a cause of action. The claimant opposed the motion. In an order dated June 22, 2021, the Court of Claims, inter alia, granted the defendant's motion. The claimant appeals. We reverse.
"The Legislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the [S]tate where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Long v State of New York, 7 NY3d 269, 273; see Cooper v State of New York, 236 AD3d 749, 749). On a motion to dismiss pursuant to CPLR 3211(a), "[the] Court of Claims, like other trial courts, should 'accept the facts as alleged in the claim as true'" (Warney v State of New York, 16 NY3d 428, 435 [alteration omitted], quoting Leon v Martinez, 84 NY2d 83, 87). In determining whether a claimant has pleaded a cause of action, the court should not weigh the evidence or make any factual or credibility determinations (see id.).
Pursuant to Court of Claims Act § 8-b(3)(b)(ii), a claimant must show that his or her judgment of conviction was reversed or vacated on one of the statutorily enumerated grounds and that the accusatory instrument was dismissed. However, where the vacatur or reversal order fails to specify the CPL 440.10(1) subdivision upon which the conviction was vacated, courts may [*2]consider "extrinsic evidence of the court's 'actual basis' for vacating the judgment of conviction" (Cooper v State of New York, 236 AD3d at 749, quoting Jeanty v State of New York, 175 AD3d 1073, 1075).
Here, the vacatur order failed to specify the CPL 440.10(1) subdivision upon which the Court of Appeals vacated the judgment of conviction (see People v Negron, 26 NY3d 262). For the purposes of the motion to dismiss, assuming the facts alleged in the amended claim as true (see Warney v State of New York, 16 NY3d at 435; Reed v State of New York, 133 AD2d 105, 106), the claimant stated a cause of action pursuant to Court of Claims Act § 8-b(3)(b)(ii).
Accordingly, since the amended claim stated a cause of action under Court of Claims Act § 8-b, the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended claim should have been denied (see Cooper v State of New York, 236 AD3d at 750; Grimaldi v State of New York, 133 AD2d 97, 100).
In light of our determination, the claimant's remaining contentions need not be reached.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court